# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

In re                                           )
                                                     )   Case No. _____
                                                     )
                                                     )   **Notice of Final**
                                                     )   **Hearing on Motion**
                                                     )      **For Use of Cash Collateral**
                                                     )      **To Obtain Credit**
Debtor(s)                                    )   (Check One)

YOU ARE NOTIFIED THAT:

1.   The undersigned moving party, _____, filed a Motion    For Use of Cash Collateral    To Obtain Credit (check one).  The motion is attached and includes the statement required by Local Bankruptcy Form (LBF) 541.5.

2.   The name and service address of the moving party's attorney (or moving party, if no attorney) are: _____ _____.

3.   A final hearing on the motion will be held as follows:

**Date: _____ Time: _____ Location: _____**

Testimony will be received if offered and admissible.

4.   If you wish to object to the motion, you must, within 14 days of the service date shown in paragraph 5 below, file with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401: (1) a written response which states the facts upon which you will rely, and (2) a certificate showing the response has been served on the U.S. Trustee and the party named in paragraph 2 above.

5.   On _____ this notice and the motion were served pursuant to FRBP 7004 on the debtor(s); any debtor's attorney; any trustee; any trustee's attorney; members of any committee elected pursuant to 11 U.S.C. § 705; any creditors' committee chairperson [or, if none, on all creditors listed on the list filed pursuant to FRBP 1007(d)]; any creditors' committee attorney; the U.S. Trustee; and all affected lienholders whose names and addresses used for service are as follows:

_____

Signature of Moving Party or Attorney                    OSB #

_____

(If debtor is movant) Debtor's Address & Taxpayer ID#(s) (last 4 digits)

Case 19-34517-dwh11    Doc 58    Filed 12/23/19

In re PPV, Inc. - Bky Case No. 19-34517-dwh11;
In re Bravo Environmental NW, Inc. - Bky Case No. 19-34518-dwh11
Service List
**Any creditors appearing twice on this list were only sent one mailed copy of the document(s).**

**Debtor:**

PPV, Inc.
Attn: George Sullivan
4927 NW Front Ave.
Portland, OR 97201

Bravo Environmental NW, Inc.
Attn: George Sullivan
4927 NW Front Ave.
Portland, OR 97201

**PPV, Inc. - 20 Largest Unsecured Creditors:**

Sussman Shank LLP
Attn: Howard Levine
1000 SW Broadway, Suite 1400
Portland, OR 97205

City of Portland Water Bureau
PO Box 4216
Portland, OR 97208

Portland Water Bureau
c/o City Attorney's Office
1221 SW 4th Ave, Rm 430
Portland OR 97204-0000

White Summers Caffee & James
Attn: William Caffee
805 SW Broadway, Suite 2440
Portland, OR 97205

Cesco Solutions, Inc.
Attn: Abbie Robinson
2227 Midway Lane
Bellingham, WA 98226

Regence Bluecross Blue Shield of Oregon
PO Box 2597
Portland, OR 97208

Schwabe, Williamson & Wyatt
1211 SW 5th Ave., Suite 1900
Portland, OR 97204

McGaughey Erickson
Attn: Robert McGaughey
65 SW Yamhill St., Suite 200
Portland, OR 97204
VIA EMAIL: bob@law7555.com

Archer Separation, Inc.
Attn: Venkatesh Narayan
1150-1971 Broadway St
Port Coquitlam, BC
V3C 0C9, CANADA

Green Wrench Heavy Equipment, LLC
Attn: Cory Watson
769 Linn Ave
Oregon City, OR 97045

Corporate Payment Systems / ELAN Visa
Attn: Customer Service
PO Box 790428
St. Louis, MO 63179

Pape Kenworth
Attn: Jennifer Kriegel
PO Box 35144 #5077
Seattle, WA 98124

Bezates Construction, Inc.
Attn: George Bezates
16085 S Ivel Road
Beavercreek, OR 97004

Ruan Transport Corporation
Attn: Jimmy Warren
PO Box 977
Des Moines, IA 50304

SeQuential Biodiesel, LLC
Attn: Ken Mayer
PO Box 1774
Eugene, OR 97440

US Bank Office Eqpt Fin Svc
Attn: Customer Service
PO Box 790448
St. Louis, MO 63179

PGE
Attn: Customer Service
PO Box 4438
Portland, OR 97208

Specialty Analytical
Attn: Katherine Lynch
9011 SE Jannsen Rd
Clackamas, OR 97015

Farallon Consulting, LLC
Attn: Deb Worden
975 5th Ave NW
Issaquah, WA 98027

Beckwith & Kuffel
Attn: Lee Wardrop
1313 S 96th St
Seattle, WA 98108

Johnson Controls Security Solu
PO Box 371967
Pittsburgh, PA 15250

**Bravo Environmental NW, Inc. - 20 Largest Unsecured Creditors:**

Oldcastle Infrastructure
Attn: Jennett Gallegos
PO Box 742387
Los Angeles, CA 90074

APP Fueling Success
nka World Fuel Services
Attn: Customer Service
PO Box 34600
Seattle, WA 98124

Wasco County Landfill
Attn: Nancy Mitchell
2550 Steel Road
The Dalles, OR 97058

River Country Transport Inc.
Attn: Kip Templeton
2401 W. Main Street, #205
Battleground, WA 98604

A & B Properties
Attn: Louie Sanfft
6120 52nd Ave South
Seattle, WA 98118

Topsoils Northwest Inc.
Attn: Dot
P O Box 1697
Snohomish, WA 98291

Snohomish County
Attn: Skip Knutsen
3000 Rockefeller Ave M/S 610
Everett, WA 98201

In re PPV, Inc. - Bky Case No. 19-34517-dwh11;
In re Bravo Environmental NW, Inc. - Bky Case No. 19-34518-dwh11
Service List
**Any creditors appearing twice on this list were only sent one mailed copy of the document(s).**

King Co Finance
Attn: Cynthia Funai
500 4th Ave, Suite 600
Seattle, WA  98104

Ditch Witch West
Attn: Steve Jergentz, GM
PO Box 35144 #5077
Seattle, WA 98124

Girard Resources & Recycling
Attn: Kristen
PO Box 14727
Mill Creek, WA  98082

Dickson Company
Attn: Richard Dickson
3315 S. Pine St.
Tacoma, WA  98409

Miller Nash Graham
 & Dunn LLP
Attn: Accounts Receivable
1110 SW 5th Ave,  Suite 3400
Portland, OR  97204

Water Environment Services
Attn: Customer Service
150 Beavercreek Rd #430
Oregon City, OR  97045

LRI Consulting Services Inc
Attn: D. Barnett
6720 E. Marginal Way S
Broken Arrow, OK  74013

Contech Engineered Solutions
PO Box 936362
Atlanta, GA  31193

Zonar Systems
Attn: Lissa Taylor
PO Box 207038
Dallas, TX  75320

Arclin
Attn: Tyrone Morato
2301 N Columbia Blvd
Portland, OR  97217

PRS Group  Inc.
Attn: Gary Smith
P.O. Box 30959
Tacoma, WA  98421

Puget Sound Energy
BOT-01H
P.O. Box 91269
Bellevue, WA  98009

Tacoma Screw Products
Attn:  Accounts Receivable
PO Box 35165
Seattle, WA  98124

**PPV, Inc. Secured Creditors:**

MetaBank, fka
Crestmark Bank
Attn:  Kelly Jonkhans
PO Box 233756
Chicago, IL  60689

MetaBank, fka
Crestmark Bank
Attn: Kelly Jonkhans
5480 Corporate Drive, # 350
Troy , MI  48098

MetaBank, fka
Crestmark Bank
c/o Bradley C. Hanson, CEO
5501 South Broadband Lane
Sioux Falls, SD 57108

Meta Bank
c/o Thomas Coughlin
Jaffe, Raitt, Heuer & Weiss, P.C.
27777 Franklin Rd, Ste. 2500
Southfield, MI 48034

Retail Capital, LLC
4026 N Miller Road, Suite 200
Scottsdale, AZ  85251

Retail Capital, LLC
c/o Joshua Creem
Registered Agent
1250 Kirts Blvd, Ste 100
Troy,  MI  48084

EBF Partners, LLC
dba Everest Business Funding
Customer Service Dept
5 West 37th Street, Suite 1100
New York, NY  10018

EBF Partners, LLC
dba Everest Business Funding
Customer Service Dept
8200 NW 52nd Ter., 2nd Fl
Doral, FL  33166

Libertas Funding, LLC
Attn: Randy Saluck, CEO
382 Greenwich Ave, Suite 2
Greenwich, CT  06380

Libertas Funding, LLC
Attn: Randy Saluck, CEO
c/o Jessica Patrovic
382 Greenwich Ave, Suite 2
Greenwich, CT  06380

Libertas Funding, LLC
73 High St, #334
Buffalo, NY  14203

Carla Thuney
4927 NW Front Ave
Portland, OR  97210

Carla Thuney
c/o White Summers Caffee
 & James, LLP
805 SW Broadway, Ste 2440
Portland, OR 97205

**Bravo Environmental NW, Inc.,
Secured Creditors:**

MetaBank, fka
Crestmark Bank
Attn:  Kelly Jonkhans
PO Box 233756
Chicago, IL  60689

MetaBank, fka
Crestmark Bank
Attn: Kelly Jonkhans
5480 Corporate Drive, # 350
Troy , MI  48098

MetaBank, fka
Crestmark Bank
c/o Bradley C. Hanson, CEO
5501 South Broadband Lane
Sioux Falls, SD 57108

In re PPV, Inc. - Bky Case No. 19-34517-dwh11;
In re Bravo Environmental NW, Inc. - Bky Case No. 19-34518-dwh11
Service List
**Any creditors appearing twice on this list were only sent one mailed copy of the document(s).**

Meta Bank
c/o Thomas Coughlin
Jaffe, Raitt, Heuer & Weiss, P.C.
27777 Franklin Rd, Ste. 2500
Southfield, MI 48034

Cofactor, LLC
2711 Centerville Rd #400
Wilmington, DE 19808

Cofactor LLC
Corporation Service Company
Registered Agent
251 Little Falls Drive
Wilmington, DE 19808

Wells Fargo Bank, NA
MAC P6101-250
1300 SW 5th Ave, 25th Fl
Portland, OR 97201

Leonite Capital, LLC
1 Hillcrest Center Dr, Ste 232
Spring Valley, NY 10977

Bellridge Capital, LLP
c/o Robinson Brog, et al
875 Third Ave 9th Floor
New York, NY 10022

**LIENHOLDERS:**

Wells Fargo Bank, NA
MAC P6101-250,
1300 SW 5th Ave, 25th Flr
Portland OR 97201

Wells Fargo Bank, NA
c/o John D. Baker, II, CEO
Headquarters
101 N. Phillips Avenue
Sioux Falls, SD 57104

Wells Fargo Bank, NA
Attn: John D. Baker II, CEO
P.O. Box 63750
San Francisco, CA 94163

Wells Fargo Bank, NA
Attn: John D. Baker II, CEO
P.O. Box 63710
San Francisco, CA 94163

Crestmark Equipment Finance, Inc.
Attn: Michele Coe
40950 Woodward Ave., Ste 201
Bloomfield Hills, MI 48304

Crestmark Equipment Finance, Inc.
Corporate Headquarters and
East Division Michigan Office
5480 Corporate Drive, Suite 350
Troy, Michigan 48098

MetaBank, fka
Crestmark Bank
Attn: Kelly Jonkhans
PO Box 233756
Chicago, IL 60689

MetaBank, fka
Crestmark Bank
Attn: Kelly Jonkhans
5480 Corporate Drive, # 350
Troy , MI 48098

MetaBank, fka
Crestmark Bank
c/o Bradley C. Hanson, CEO
5501 South Broadband Lane
Sioux Falls, SD 57108

Meta Bank
c/o Thomas Coughlin
Jaffe, Raitt, Heuer & Weiss, P.C.
27777 Franklin Rd, Ste. 2500
Southfield, MI 48034

Leonite Capital LLC
1 Hillcrest Center Dr., Ste. 232
Spring Valley, NY 10977

Leonite Capital LLC
c/o Hinman, Howard & Kattell, LLP,
Attn: Harvey Mervis
700 Security Mutual Building
80 Exchange Street
Binghamton, NY 13901

Bellridge Capital, LP
c/o Robinson Brog, et al,
875 Third Ave, 9th Fl.
New York, NY 10022

Bellridge Capital, LP
c/o Leo John Ramunno
Registered Agent
5149 W. Woodmill Dr., Ste. 20
Wilmington, DE 19808

Crossroads Equipment Lease
& Finance, LLC
9385 Haven Ave
Rancho Cucamonga, CA 91730

Crossroads Equipment Lease
& Finance, LLC
c/o the Prentice-Hall Corporation
System, Inc.
Registered Agent
251 Little Falls Drive
Wilmington DE 19808

U.S. Bank Equipment Finance
1310 Madrid Street
Marshall, MN, 56258

U.S. Bank Equipment Finance
c/o Anthony Cracchiolo, CEO &
President
425 Walnut Street
Cincinnati, OH 45202

Carla Thuney
39902 NW 64th Court
Woodland, WA 98674

Carla Thuney
c/o White Summers Caffee
& James, LLP
805 SW Broadway, Ste 2440
Portland, OR 97205

**Electronic Mail:**

The foregoing was served on all
CM/ECF participants through the Court's
Case Management/ Electronic Case File
system.

Douglas R. Ricks, OSB #044026
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4869
Fax: 503-241-3731

Of Attorneys for Debtors-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>PPV, Inc.<br><br>Debtor-in-Possession | Case No. 19-34517-dwh11 |
| In re<br><br>Bravo Environmental NW, Inc.,<br><br><br><br><br><br>Debtor-in-Possession. | Case No. 19-34518-dwh11<br><br>MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTORS-IN-POSSESSION, CONTINUED USE OF EXISTING LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION |

Debtors-in-Possession, PPV, Inc. ("PPV") and Bravo Environmental NW, Inc.

(Proposed Joint Debtor-in-Possession) ("Bravo"), (collectively "Debtors" or "Debtors-in-

Possession"), pursuant to Sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy

Rule 4001, and LBR 4001-1.D., move the Court for entry of interim and final orders

authorizing use of cash collateral as defined by §363(a) of the Bankruptcy Code ("Cash

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Collateral") and authorizing continued use of an existing line of credit under §§364(c) and (d) of the Bankruptcy Code and, in support, represent and state as follows:

1. On December 10, 2019 (the "Petition Date"), Debtors each commenced a reorganization case by the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

2. Pursuant to §§ 1107 and 1108 of the Code, Debtors are authorized to possession of Debtors' property and to operate and manage Debtors' business as debtors-in-possession.

## DEBTORS' BUSINESS

3. PPV, Inc. is an Oregon corporation headquartered in Portland, Multnomah County, Oregon. PPV operates a wastewater disposal and wastewater transportation business.

4. Bravo is a foreign corporation licensed to do business in the state of Oregon. Bravo is headquartered in the state of Washington. Bravo operates a wastewater disposal and wastewater transportation business.

## PARTIES WITH POTENTIAL INTERESTS IN CASH COLLATERAL

5. The following entities ("Lien Creditors") may claim a lien in the Cash Collateral based upon the security interest held by the Lien Creditor for the following collateral:

/ / /

/ / /

/ / /

/ / /

/ / /

MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTORS-IN-POSSESSION, CONTINUED USE OF EXISTING LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Security Date | Amount Owing | Debtor and Brief Collateral Description |
|---|---|---|---|---|
| Crestmark, a division of MetaBank | 91235237 | 06/.27/17 | $1,103,338 | Debtor (PPV, Inc.) All assets of the Debtor whether now owned or hereafter acquired and wherever located. |
| Crestmark Equipment Finance, a division of MetaBank | 91301409 | 08/25/17 | $2,812,072 | Debtors: All assets of Debtor whether now owned or hereafter acquired and wherever located, including the equipment as listed in the attachment to the Oregon State UCC filing. |
| Crestmark, a division of MetaBank | 2017-178-1058-0 (Washington) | 08/18/17 | See Above | Debtor (Bravo): All assets of the Debtor whether now owned or hereafter acquired and wherever located. |
| Bellridge Capital, LP | 91697120 | 10/15/18 | Approx. $1,400,000 | Debtors: All collateral as described on Exhibit A to the attachment of the Oregon State UCC filing. |
| Leonite Capital, LLC | 2018-290-1614-6 (Washington) | 10/17/18 | $222,222 | Debtor (Bravo): All collateral as described on Exhibit A to the attachment of the Washington State UCC filing. |
| Bellridge Capital, LP | 2018-297-3206-0 (Washington) | 10/24/18 | See Above | Debtor (Bravo): All collateral as described on Exhibit A to the attachment of the Washington State UCC filing. |
| Crestmark Equipment Finance, Inc. | 2017-230-4565-5 (Washington) | 08/18/17 | See Above | Debtor (Bravo): All equipment as listed in the attachment to the Washington State UCC filing. |
| Wells Fargo Bank | 2017-082-6238-1 (Washington) | 03/23/17 | -$0.0- | All collateral as described on Exhibit A to the attachment of the Washington State UCC filing. |

6.      Other than the Lien Creditors noted above, Debtors are not aware of any parties holding an interest in Cash Collateral. The parties below have filed UCC financing statements with the Oregon Secretary of State, but Debtors contend none of the parties below have an interest in the Cash Collateral:

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Debtor and Brief Collateral Description |
|---|---|---|
| US Bank Equipment Finance | 90218674 | Debtor (PPV, Inc.) Office Equipment |
| US Bank Equipment Finance | 90528482 | Debtor (PPV, Inc.) Office Equipment |

MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL
OF DEBTORS-IN-POSSESSION, CONTINUED USE OF EXISTING
LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34517-dwh11    Doc 58    Filed 12/23/19

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Debtor and Brief Collateral Description |
|---|---|---|
| QL Titling Trust, Ltd. | 91479486 | Debtor (PPV, Inc.): X-VAC X-13 SN#XV-5680 (X-13 HYDRO-EXCAVATOR SYSTEM MOUNTED ON 2019 PETERBILT 567 TRUCK CHASSIS - 1NPCX4TX4KD496871) |
| Carla Thuney | 91815744 | Debtor (PPV, Inc.): Promissory Note |
| US Bank Equipment Finance | | Debtor (PPV, Inc.): Office Equipment |
| Crossroads Equipment Lease & Finance, LLC | 2016-266-1972-4 (Washington) | Debtor (Bravo) Equipment |
| Crossroads Equipment Lease & Finance, LLC | 2016-266-2008-9 (Washington) | Debtor (Bravo): 1) NEW 2017 PETERBILT 567 TRUCK VIN 1NPCX4TX3HD432751 WITH 15 CUBIC YARD DEBRIS TANK 1700 GALLLON WATER TANK FRONT MOUNTED ROTATING HOSE REEL - AQUATECH F15 SERIAL NUMBER A20161031; and (1) NEW 2017 PETERBILT 348 TRUCK VIN 2NP3XJ0X9HM432752 WITH HI-VAC CORPORATION X-VAC X-8 HYDRO EXCAVATION SYSTEM - SERIAL NUMBER XV-5557 |
| Cofactor, LLC | 91455426 | Debtors: All personal property now owned or hereafter acquired, including but not limited to all machinery, equipment, inventory, account receivables, books and records, furniture, fixtures, general intangibles. |
| Corporation Service Company, as representative | 91459464 | Debtor (PPV, Inc.): Security interest in and to all of Merchant's present and future accounts, chattel paper, deposit accounts, personal property, assets and fixtures, general intangibles, instruments, equipment, inventory wherever located, and proceeds now or hereafter owned or acquired by Merchant. |

7.     Other than the Lien Creditors noted above, Debtors are not aware of any parties holding an interest in Cash Collateral.

8.     To preserve the value of Debtors' businesses as a going concern, Debtors require the use of the cash generated from Debtors' businesses to maintain and continue its

MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTORS-IN-POSSESSION, CONTINUED USE OF EXISTING LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34517-dwh11    Doc 58    Filed 12/23/19

current line of credit with Crestmark, a division of MetaBank, as successor to Crestmark Bank, and Crestmark Equipment Finance, a division of MetaBank ("Crestmark"), which is used daily to pay Debtors' operating expenses.  Terminating use of the line of credit would create interruption and delay in the Debtors' cash flow, as its cash on hand is insufficient to meet the Debtors' cash needs.

1. Debtors have reached an agreement with Crestmark on preliminary authority to use cash collateral and obtain credit under the current line of credit.  Cash Collateral will be deposited into the Debtors' Lockbox Account with Crestmark and, in turn, Crestmark will continue to make advances under the current line of credit to fund the Debtors' operations. Cash Collateral on deposit in the Lockbox Account will be used to cover such advances, with interest payments as adequate protection.

2. In order to avoid immediate and irreparable harm, Debtors require the use of Cash Collateral and to obtain credit for the payment of operating expenses. Debtors propose to use credit advances/Cash Collateral of $1,345,525 on the terms set forth in the proposed Preliminary Order Authorizing Use of Cash Collateral and Line of Credit attached hereto as **Exhibit A**.  Debtors' projected operating expense budget through January 10, 2020 is attached to **Exhibit A** marked **Exhibit 1** (the "Budget").  Such Cash Collateral includes, but is not limited to, any uncashed checks made payable to the Debtors and cash collateral in possession of a Lien Creditor or an agent for a Lien Creditor on the Petition Date.

3. In order to maintain operations pending the submission of a plan of reorganization, Debtors require the use of Cash Collateral and to obtain credit for the payment of operating expenses. Debtors propose to use credit advances/Cash Collateral of

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

$4,075,226 on the terms set forth in the proposed Final Order Authorizing Use of Cash Collateral and Line of Credit attached hereto as **Exhibit B**.  Debtors' projected operating expense budget through May 31, 2020 is attached to **Exhibit B** marked **Exhibit 1** (also the "Budget").  Such Cash Collateral includes, but is not limited to, any uncashed checks made payable to the Debtors and cash collateral in possession of a Lien Creditor or an agent for a Lien Creditor on the Petition Date.

4.      Debtors have made reasonable efforts to secure alternative financing.  Debtors are unable, pursuant to §364(a) or (b), to obtain unsecured credit allowable under §503(b)(1) as an administrative expense.  Outside of its agreement with Crestmark, Debtors are unable to obtain necessary financial accommodations for the expenses shown in **Exhibit 1** from any source.

5.      Allowing Debtors to use Cash Collateral and the Line of Credit on the terms set forth in the proposed Preliminary Order Authorizing Use of Cash Collateral and Line of Credit attached hereto as **Exhibit A** and the proposed Final Order Authorizing Use of Cash Collateral and Line of Credit attached hereto as **Exhibit B** will maximize the value of the Debtors' assets for the estate, will increase the probability of successful reorganization, and is in the best interests of the creditors and this estate.

6.      Without the use of Cash Collateral and the Line of Credit, Debtors have insufficient funds to meet Debtors' expenses as itemized in **Exhibit 1**.  Debtors have an immediate need for Cash Collateral and the Line of Credit to pay Debtors' operating expenses, including payments for payroll, rent, supplies and materials, maintenance costs, utilities, deposits to utilities as needed under 11 U.S.C. §366, and make adequate protection payments, all of which will preserve the value of Debtors' business.

MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL
OF DEBTORS-IN-POSSESSION, CONTINUED USE OF EXISTING
LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

7.     The proposed orders on this motion contain a provision allowing Crestmark a

priming lien under §364(c) in consideration for post-petition advances under its Line of

Credit with the Debtors.  Aside from such provision, the proposed orders on this motion do

not contain any of the "disfavored provisions" listed in LBF #541.5.

## PROPOSED TERMS OF CASH COLLATERAL/OBTAIN CREDIT ORDER

8.     Debtors further propose that Debtors' authority to use Cash Collateral and to

obtain credit be limited to the cumulative amounts and uses as set forth in the Budget;

provided however, that Debtors may make expenditures in excess of the amounts specified

in the Budget subject to the limitation that the budget variance shall not exceed ten percent

(10%) of any line item expenditures under the Budget for that Budget period.

## PROPOSED ADEQUATE PROTECTION

9.     Notwithstanding anything to the contrary contained in Section 552(a) of the

Code, as adequate protection for, and to secure payment of, an amount equal to the

aggregate diminution (from the Petition Date) in the value of the property of Debtors to

which any of the liens of the parties identified in paragraph 5 herein shall have attached,

and as security for and an inducement to said parties to permit use of Cash Collateral and

to obtain credit, Debtors propose to grant to each of them the following protection:

a.     A replacement lien on all of the post-petition property of the same nature

and kind in which each of them has a pre-petition line or security interest.

The replacement liens shall have the same relative priority vis-a-vis one

another as existed on the petition date with respect to the original liens.

b.     Debtors shall timely perform and complete all actions necessary and

appropriate to protect Lien Creditors' collateral against diminution in value.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

c. Debtors have also agreed to certain additional adequate protection to Crestmark as outlined on the Appendix to **Exhibit A**, including adequate protection payments, reporting requirements,

d. Subject to Debtors' sole discretion, or if subsequently ordered by the Court after notice and hearing, to commence making monthly payments of interest only, calculated at the then applicable non-default rates, to each Lien Creditor, beginning not later than the date that is 90 days after entry of the Order for Relief, based on the value of each respective Lien Creditor's interest in their respective collateral.

10. In addition, the Lien Creditors enjoy a sufficient equity cushion to supply adequate protection for their interests. Based on the most recent liquidation values of the collateral, the Lien Creditors enjoy an equity cushion of 11.69% which is likely understated in light of the additional collateral value in a market sale plus the values of the Debtors' intangible assets. A significant equity cushion is in and of itself sufficient adequate protection to support a debtor's request or use of cash collateral. See *In re Mellor*, 734 F2d 1396 (9th Cir, 1984) where the Court implied that an equity cushion of 10% is sufficient to adequately protect a secured creditor for use of the secured creditor's cash collateral. Relying on *Mellor*, the Ninth Circuit Appellate Panel has found that adequate protection existed where an 11.45% equity cushion existed: *See In re Boulders on the River, Inc.*, 164 B.R. 99 (9th Cir. B.A.P. 1994). The equity cushion here exceeds the *Mellor* standard for an equity cushion. Therefore, the Lien Creditors are adequately protected.

MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL
OF DEBTORS-IN-POSSESSION, CONTINUED USE OF EXISTING
LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

## NOTICE

11.    No creditors' committee under §1102 of the Code has yet been appointed by the U.S. Trustee, but Debtors have given notice, as required by Bankruptcy Rule 4001, of this motion or pending requisite notice of such motion.

WHEREFORE, Debtors move for the following:

1.    Setting a preliminary hearing on this motion upon such notice as the Court may direct pursuant to Bankruptcy Rule 4001(b)(3) to authorize the expenditures set forth on **Exhibit 1** to the Proposed Preliminary Order;

2.    Setting a final hearing on this motion upon such notice as the Court may direct pursuant to Bankruptcy Rule 4001(b)(3) to authorize the expenditures set forth on **Exhibit 1** to Proposed Final Order;

3.    Entry of the Preliminary Order Authorizing the Use of Cash Collateral on the terms set forth in **Exhibit A** attached hereto and Granting Adequate Protection; and

4.    Entry of the Final Order Authorizing the Use of Cash Collateral on the terms set forth in **Exhibit B** attached hereto and Granting Adequate Protection.

VANDEN BOS & CHAPMAN, LLP


By:/s/Douglas R. Ricks
　　Douglas R. Ricks, OSB #044026
　　Of Attorneys for Debtors-in-Possession

Page 9 of 9      MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL
OF DEBTORS-IN-POSSESSION, CONTINUED USE OF EXISTING
LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION
Case 19-34517-dwh11    Doc 58    Filed 12/23/19

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 19-34517-dwh11 |
|---|---|
| PPV, Inc. | |
| Debtor-in-Possession | |
| In re | |
| Bravo Environmental NW, Inc., | Case No. 19-34518-dwh11 |
| | **PROPOSED** PRELIMINARY ORDER AUTHORIZING USE OF CASH COLLATERAL, CONTINUED USE OF EXISTING LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION |
| Debtor-in-Possession. | |

THIS MATTER came before the Court on December 12, 2019 on the Motion of

Debtors-in-Possession, PPV, Inc. and Bravo Environmental NW, Inc., (collectively "Debtors"

or "Debtors-in-Possession"), for interim authority to use cash collateral, to obtain credit

under an existing line of credit, and to grant adequate protection, due and adequate notice

under the circumstances having been given, and the Court having heard the

representations and argument of counsel, and being otherwise fully advised,

Page 1 of 10    **PROPOSED** PRELIMINARY ORDER AUTHORIZING USE OF CASH COLLATERAL, CONTINUED USE OF EXISTING LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EX A - Pg 1 of 22

Case 19-34517-dwh11    Doc 58    Filed 12/23/19

The Court finds that:

A.      On December 10, 2019 (the "Petition Date"), Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Code"). The Debtors continue in possession of Debtors' property and management of Debtors' businesses as Debtors-in-possession, in accordance with 11 U.S.C. §§ 1107 and 1108. No trustee or examiner has been appointed. The Court has jurisdiction over this case under 28 U.S.C. §§ 157 and 1334. Venue of this case is properly in this District under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. §157(b), 11 U.S.C. §§ 105(a) and 363 of the Code, FRBP 4001 and LBR 4001-1.D.

B.      Without the use of Cash Collateral and the Line of Credit, Debtors assert they have insufficient funds to meet their expenses and other payments set forth in the Budget. Debtors assert there is an immediate need to use Cash Collateral and the Line of Credit to pay Debtors' payroll and other operating expenses and to preserve the value of Debtors' business.

C.      Debtors assert they will suffer immediate and irreparable harm if Debtors are not permitted to use and borrow up to $1,345,525 for the period covering December 10, 2019 through and including January 10, 2020 in the amount and for the purposes set forth in the Budget, to meet Debtors' necessary and ordinary course post-petition operating expenses prior to the time prescribed by FRBP 4001(b)(2) for a final hearing for authority to use Cash Collateral and to obtain credit.

D.      Debtors assert that the following creditors, (the "Lien Creditors"), appear to have security interest/liens upon the Cash Collateral as of the petition date:

**PROPOSED** PRELIMINARY ORDER AUTHORIZING USE OF CASH COLLATERAL, CONTINUED USE OF EXISTING LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34517-dwh11   Doc 58   Filed 12/23/19

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Security Date | Amount Owing | Debtor and Brief Collateral Description |
|---|---|---|---|---|
| Crestmark, a division of MetaBank | 91235237 | 06/.27/17 | $1,103,338 | Debtor (PPV, Inc.) All assets of the Debtor whether now owned or hereafter acquired and wherever located. |
| Crestmark Equipment Finance, a division of MetaBank | 91301409 | 08/25/17 | $2,812,072 | Debtors: All assets of Debtor whether now owned or hereafter acquired and wherever located, including the equipment as listed in the attachment to the Oregon State UCC filing. |
| Crestmark, a division of MetaBank | 2017-178-1058-0 (Washington) | 08/18/17 | See Above | Debtor (Bravo): All assets of the Debtor whether now owned or hereafter acquired and wherever located. |
| Bellridge Capital, LP | 91697120 | 10/15/18 | Approx. $1,400,000 | Debtors: All collateral as described on Exhibit A to the attachment of the Oregon State UCC filing. |
| Leonite Capital, LLC | 2018-290-1614-6 (Washington) | 10/17/18 | $222,222 | Debtor (Bravo): All collateral as described on Exhibit A to the attachment of the Washington State UCC filing. |
| Bellridge Capital, LP | 2018-297-3206-0 (Washington) | 10/24/18 | See Above | Debtor (Bravo): All collateral as described on Exhibit A to the attachment of the Washington State UCC filing. |
| Crestmark Equipment Finance, Inc. | 2017-230-4565-5 (Washington) | 08/18/17 | See Above | Debtor (Bravo): All equipment as listed in the attachment to the Washington State UCC filing. |
| Wells Fargo Bank | 2017-082-6238-1 (Washington) | 03/23/17 | -$0.0- | All collateral as described on Exhibit A to the attachment of the Washington State UCC filing. |

E.     Other than the Lien Creditors noted above, Debtors are not aware of any

parties holding an interest in Cash Collateral.  The parties below have filed UCC financing

statements with the Oregon Secretary of State, but Debtors contend none of the parties

below have an interest in the Cash Collateral:

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Debtor and Brief Collateral Description |
|---|---|---|
| US Bank Equipment Finance | 90218674 | Debtor (PPV, Inc.) Office Equipment |
| US Bank Equipment Finance | 90528482 | Debtor (PPV, Inc.) Office Equipment |
| QL Titling Trust, Ltd. | 91479486 | Debtor (PPV, Inc.): X-VAC X-13 SN#XV-5680 (X-13 HYDRO- |

**PROPOSED** PRELIMINARY ORDER AUTHORIZING USE OF CASH
COLLATERAL, CONTINUED USE OF EXISTING LINE OF CREDIT, AND
GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34517-dwh11     Doc 58     Filed 12/23/19

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Debtor and Brief Collateral Description |
|---|---|---|
| | | EXCAVATOR SYSTEM MOUNTED ON 2019 PETERBILT 567 TRUCK CHASSIS - 1NPCX4TX4KD496871) |
| Carla Thuney | 91815744 | Debtor (PPV, Inc.): Promissory Note |
| US Bank Equipment Finance | | Debtor (PPV, Inc.): Office Equipment |
| Crossroads Equipment Lease & Finance, LLC | 2016-266-1972-4 (Washington) | Debtor (Bravo) Equipment |
| Crossroads Equipment Lease & Finance, LLC | 2016-266-2008-9 (Washington) | Debtor (Bravo): 1) NEW 2017 PETERBILT 567 TRUCK VIN 1NPCX4TX3HD432751 WITH 15 CUBIC YARD DEBRIS TANK 1700 GALLLON WATER TANK FRONT MOUNTED ROTATING HOSE REEL - AQUATECH F15 SERIAL NUMBER A20161031; and (1) NEW 2017 PETERBILT 348 TRUCK VIN 2NP3XJ0X9HM432752 WITH HI-VAC CORPORATION X-VAC X-8 HYDRO EXCAVATION SYSTEM - SERIAL NUMBER XV-5557 |

**NOW, THEREFORE, it is ORDERED as follows:**

1.      Debtors are authorized to use Cash Collateral and the Line of Credit not to exceed $1,345,525 for the period covering December 10, 2019 through and including January 10, 2020 (the "Budget Period"), for the purposes specified in the Budget attached hereto as **Exhibit 1**.  Debtors' authority to use Cash Collateral and the Line of Credit is limited to the cumulative amounts and uses of Cash Collateral as set forth in the Budget; provided however, that Debtors may make expenditures in excess of the amounts specified in the Budget subject to the limitation that the budget variance shall not exceed ten percent (10%) of any line item expenditures under the Budget for the Budget Period.

2.      Notwithstanding anything to the contrary contained in 11 U.S.C. §552(a), as adequate protection for, and to secure payment of, an amount equal to the diminution in the

**PROPOSED** PRELIMINARY ORDER AUTHORIZING USE OF CASH COLLATERAL, CONTINUED USE OF EXISTING LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34517-dwh11    Doc 58    Filed 12/23/19

value, if any, of Lien Creditors' collateral arising from Debtors' use of the Cash Collateral post-petition, the Lien Creditors are each granted the following adequate protection:

a)  A perfected lien and security interest on all property, whether now owned or hereafter acquired by Debtors of the same nature and kind as secured by the claim of the Lien Creditor on the Petition Date (the "Replacement Lien"); provided, however, that such Replacement Lien shall not attach to avoidance or recovery actions of Debtors' estate under Chapter 5 of the Code; and provided, further, that such Replacement Lien shall be subject to all valid, properly perfected and enforceable liens and interests that existed as of the Petition Date (such property on which the Replacement Lien shall attach being referred to herein as the "Replacement Collateral").

b)  The interests of the Lien Creditors in the Replacement Collateral shall have the same relative priorities as the liens held by them as of the Petition Date.

c)  Debtors shall timely perform and complete all actions necessary and appropriate to protect the Cash Collateral against diminution in value.

d)  The Replacement Lien on the Replacement Collateral shall be perfected and enforceable upon entry of this Order without regard to whether such Replacement Lien is perfected under applicable non-bankruptcy law.

e)  The Replacement Lien shall be in addition to all other liens and security interests securing the secured claims of the Lien Creditors in existence

**PROPOSED** PRELIMINARY ORDER AUTHORIZING USE OF CASH COLLATERAL, CONTINUED USE OF EXISTING LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34517-dwh11    Doc 58    Filed 12/23/19

on the Petition Date. Nothing in the Order shall abridge or limit Lien

Creditors' security interests in proceeds, products or profits to extent

provided under Section 552 of the Bankruptcy Code.

f)   Debtors shall keep Lien Creditors' collateral and Replacement

Collateral free and clear of all other liens, encumbrances and security

interests, other than those in existence on the Petition Date, and shall

pay when due all taxes, levies and charges arising or accruing from and

after the Petition Date.

g)   Upon reasonable prior notice, Debtors shall allow Lien Creditors access

during normal business hours to Debtors' premises to inspect or

appraise their collateral.

h)   If, notwithstanding the adequate protection provided by the terms of this

Order, any of the Lien Creditors has a claim allowable under 11 U.S.C.

§507(a)(2) arising from the stay of action against property of Debtors

under 11 U.S.C. §362, from the use, sale or lease of such property

under 11 U.S.C. §363, or from the granting of the replacement lien

granted herein, then such Lien Creditor's claim under 11 U.S.C.

§507(a)(2) shall have priority over every other claim under such

subsection as provided by 11 U.S.C. §507(b).

i)   As to Crestmark, a division of MetaBank, as successor to Crestmark

Bank, and Crestmark Equipment Finance, a division of MetaBank, as

successor Crestmark Equipment Finance, Inc. (collectively,

"Crestmark"), such additional terms and adequate protection as outlined

**PROPOSED** PRELIMINARY ORDER AUTHORIZING USE OF CASH
COLLATERAL, CONTINUED USE OF EXISTING LINE OF CREDIT, AND
GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34517-dwh11     Doc 58     Filed 12/23/19

on **Appendix A** attached hereto and incorporated herein by reference, and to the extent there are any inconsistencies the terms of Appendix A shall control.

3.        This Order shall be deemed to constitute a security agreement under the applicable provisions of the Uniform Commercial Code ("UCC") in effect in states where the Debtors (a) are domiciled, (b) operate their business, and (c) maintain their principal place of business.  The Replacement Lien granted hereby shall be a valid, perfected and enforceable security interest and lien on the property of the Debtors and the Debtors' estate without further filing or recording of any document or instrument or any other action, but only to the extent of the enforceability of Lien Creditors' security interests in the Prepetition Collateral.  Notwithstanding the foregoing, the Debtors are authorized and directed to execute and deliver to Lien Creditor(s) such financing statements, instruments and other documents as Lien Creditor(s) may deem necessary or desirable from time to time.  To the extent necessary, the automatic stay in effect pursuant to 11 U.S.C. § 362 is hereby modified and lifted to permit the granting of the Replacement Lien as set forth herein.

4.        Nothing in this Order shall be construed to (a) prejudice a right of any party in interest (including Debtors) to contest the validity, priority or extent of the liens or security interests of any party in any collateral or in the proceeds thereof, as of, on or after the Petition Date; (b) grant a security interest in the debtor-in-possession or trustee's avoidance powers; (c) convert any pre-petition obligations into post-petition obligations; (d) require payment of any obligations on confirmation of a plan of reorganization; (e) alter, improve, limit or impair the rights, if any, of parties claiming to have rights of reclamation against

**PROPOSED** PRELIMINARY ORDER AUTHORIZING USE OF CASH COLLATERAL, CONTINUED USE OF EXISTING LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34517-dwh11    Doc 58    Filed 12/23/19

Debtors, or Debtors' assets or (f) enhance the secured position of any creditor as of the Petition Date.

5.      Debtors are authorized to execute and deliver to the Lien Creditors such instruments considered by them to be necessary or desirable to perfect the security interests and liens given to them herein, and said parties are authorized to receive, file, and record the same.

6.      Absent further Order of the Court, Debtors' authority to use cash collateral and to obtain credit shall terminate at 5:00 pm upon January 10, 2020 or the occurrence of any of the following: (a) the violation of the any of the terms of this Order, (b) the entry of an Order converting this case to a case under Chapter 7 of the Bankruptcy Code, (c) the termination, lapse, expiration or reduction of insurance coverage on Lien Creditors' collateral for any reason, or (d) the appointment of a trustee in this case.

7.      Nothing contained in this Order shall constitute a determination as to the amount, validity or priority of any pre-petition obligation, security interest or lien and all rights or parties in interest to claim that any pre-petition lien or security interest in Debtors' property is unperfected, unenforceable, invalid or voidable, are reserved.  Additionally, nothing in this Order shall constitute an admission or acknowledgment by Debtors that any party has a valid or perfected lien in the cash of Debtors now existing or subsequently received, and the references herein to "Cash Collateral" is without prejudice to all rights, defenses and claims of Debtors to contend that any party does not have a perfected lien or security interest in such cash.

8.      The provisions hereof and the effect of any actions taken hereunder shall survive issuance and entry of any order: (a) confirming any plan of reorganization or

**PROPOSED** PRELIMINARY ORDER AUTHORIZING USE OF CASH COLLATERAL, CONTINUED USE OF EXISTING LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34517-dwh11    Doc 58    Filed 12/23/19

liquidation; (b) appointing a trustee or examiner for the Debtors; (c) converting Debtors'

cases to one under Chapter 7 of the Code; or (d) dismissing Debtors' cases.  The priorities,

liens and security interests granted herein shall continue in these or any superseding cases

under the Code, and any such liens and security interests shall maintain their priority as

provided herein until satisfied and discharged subject to the Code.

9.      In the event any or all of the provisions of this Order are hereafter modified,

amended or vacated by a subsequent order of this or any other court, no such modification,

amendment or vacation shall affect the validity and enforceability of any lien or priority

authorized or created hereby.  Notwithstanding any such modification, amendment or

vacation, any claim granted hereunder arising prior to the effective date of such

modification, amendment or vacation shall be governed in all respects by the original

provisions of this Order.

10.     This Order does not grant authority to the Debtors to pay any pre-petition

obligation, expense, or debt or to pay any administrative expense claims under Section

503(b)(9).  Debtors may only pay such claims upon further order of this Court after the filing

of an appropriate motion and notice of the same.

11.     The final hearing on Debtors' Motion shall be held in **Courtroom ___** of the

United States Bankruptcy Court for the District of Oregon, 1050 SW Sixth Avenue, #700,

Portland, Oregon 97204, **on the ____ day of December, 2019 at ___:___ __.m.**

12.     A copy of this Order and Notice of the final hearing on Debtors' Motion shall be

served within two (2) business days of entry of this Order pursuant to FRBP 7004 upon: (a)

Debtors' 20 largest unsecured creditors; (b) any known creditors claiming a security interest

in or lien on Cash Collateral; (c) the U.S. Trustee; and (d) all persons who have requested

**PROPOSED** PRELIMINARY ORDER AUTHORIZING USE OF CASH
COLLATERAL, CONTINUED USE OF EXISTING LINE OF CREDIT, AND
GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34517-dwh11    Doc 58    Filed 12/23/19

notice pursuant to Bankruptcy Rule 2002. Objections, if any, to the relief requested in the

motion shall be in writing, shall state the name of the objecting party and the nature of the

claim or interest of such party, shall state with particularity the reasons for the objections to

the relief requested, and shall be served upon counsel for Debtors, Vanden Bos &

Chapman, LLP, Attn: Douglas R. Ricks, 319 SW Washington St., Ste. 520, Portland,

Oregon 97204 and by e-mail to  (i) Douglas R. Ricks, Counsel for the Debtor, at

doug@vbcattorneys.com, and (ii) Thomas E. Coughlin, Counsel for Crestmark, at

tcoughlin@jaffelaw.com, and filed, together with proof of service, with the Court no later

than the deadline provided in the Notice (LBF 541.1) which accompanies this Order when

served

###

PRESENTED BY:

VANDEN BOS & CHAPMAN, LLP


By:/s/Douglas R. Ricks
    Douglas R. Ricks, OSB #044026
    Of Attorneys for Debtors-in-Possession


**LBR 9021-1 CERTIFICATION**
I certify that I have complied with the
requirement of LBR 9021-1(a); Order was
attached to Motion.].


By:/s/Douglas R. Ricks
    Douglas R. Ricks, OSB #044026

**First Class Mail:**

See Attached List. (The original Service
List is attached to the original copy filed
with the Court only.  Creditors may request
a copy of the Service List by contacting the
undersigned.)


**Electronic Mail:**

The foregoing was served on all CM/ECF
participants through the Court's Case
Management/Electronic Case File system

**PROPOSED** PRELIMINARY ORDER AUTHORIZING USE OF CASH
COLLATERAL, CONTINUED USE OF EXISTING LINE OF CREDIT, AND
GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

PPV, Inc.
Bravo Environmental NW, Inc.
Cash Collateral Budget

| PPV & Bravo Consolidated | Week ending Dec 13th (1) | Week ending Dec 20th (2) | Week ending Dec 27th (3) | Week ending Jan 3rd (4) | Week ending Jan 10th (5) | Interim Authority Total | Remaining Part of January | Month of February 2020 | Month of March 2020 | Month of April 2020 | Month of May 2020 | Final Authority Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Beginning Cash Balance** | 67,178 | 154,798 | 189,799 | 243,625 | 228,760 | | 238,882 | 149,641 | 25,437 | 202,215 | 304,172 | |
| **Income** | | | | | | | | | | | | |
| Vacuum Service Income | 116,591 | 102,017 | 72,869 | 143,212 | 125,311 | 560,001 | 89,508 | 229,026 | 418,962 | 396,861 | 433,058 | 1,567,415 |
| CCTV Income | 9,450 | 8,269 | 5,906 | 13,723 | 12,008 | 49,356 | 8,577 | 19,050 | 42,235 | 28,674 | 27,618 | 126,154 |
| CCTV Lateral Insp. Income | 2,348 | 2,055 | 1,468 | 21 | 18 | 5,910 | 13 | 9 | - | 263 | 105 | 381 |
| Transportation Income | 7,788 | 6,815 | 4,868 | 19,822 | 17,345 | 56,637 | 12,389 | 21,807 | 34,578 | 38,848 | 28,204 | 135,826 |
| Tanker Income | 17,659 | 15,452 | 11,037 | 16,085 | 14,074 | 74,307 | 10,053 | 35,644 | 42,666 | 51,608 | 36,946 | 176,916 |
| Hook Truck Income | 2,072 | 1,813 | 1,295 | 617 | 540 | 6,337 | 386 | 1,724 | 5,457 | 5,449 | 6,072 | 19,088 |
| Fuel Surcharge Income | 2,138 | 1,871 | 1,336 | - | - | 5,346 | - | 1,974 | (17) | - | (26) | 1,931 |
| Industrial Waste Water Income | 76,909 | 67,295 | 48,068 | 102,099 | 89,336 | 383,708 | 63,812 | 223,251 | 269,363 | 309,227 | 281,210 | 1,146,863 |
| Chemical Toilet Income | 1,582 | 1,384 | 989 | - | - | 3,955 | | | | | | 3,835 |
| Septic Income | 1,625 | 1,422 | 1,016 | 1,525 | 1,415 | 7,004 | 1,600 | 1,800 | 2,841 | 7,879 | 9,610 | 23,729 |
| Industrial Sludge/Solids Income | 23,318 | 20,403 | 14,574 | 30,970 | 27,099 | 116,365 | 19,357 | 83,027 | 122,687 | 125,840 | 79,583 | 430,494 |
| Industrial Coolant Income | 2,494 | 2,182 | 1,558 | 5,642 | 4,937 | 16,812 | 3,526 | 12,687 | 14,083 | 3,969 | 8,884 | 43,149 |
| Project Management Income | 659 | 576 | 412 | 499 | 436 | 2,582 | 312 | 200 | 3,718 | 100 | 1,421 | 5,751 |
| Labor Income | 6,632 | 5,803 | 4,145 | 15,863 | 13,880 | 46,324 | 9,914 | 22,930 | 31,384 | 29,504 | 27,828 | 121,560 |
| Labor - OT Revenue | 6,038 | 5,283 | 3,774 | 5,686 | 4,975 | 25,756 | 3,554 | 6,745 | 20,536 | 15,989 | 23,510 | 70,333 |
| Other Plant Income | 25 | 22 | 15 | 40 | 35 | 136 | 25 | - | 55 | 68 | 89 | 247 |
| Utility Locate/Monitor | 5,155 | 4,510 | 3,222 | 3,849 | 3,368 | 20,104 | 2,406 | 3,707 | 11,264 | 7,246 | 11,062 | 35,684 |
| InfraMarker Income | - | - | - | 37 | 42 | 79 | 26 | - | 1,969 | - | - | 1,995 |
| Disposal Income | 24,117 | 21,103 | 15,073 | 18,239 | 15,959 | 94,492 | 11,400 | 23,033 | 49,902 | 52,494 | 55,868 | 192,696 |
| Material Income | 2,427 | 2,124 | 1,517 | 3,255 | 2,849 | 12,172 | 2,035 | 4,760 | 10,745 | 9,753 | 8,820 | 36,113 |
| Sub Contractor Income | 1,690 | 1,479 | 1,056 | 2,502 | 2,189 | 8,916 | 1,564 | 803 | 12,166 | 47 | 9,403 | 23,983 |
| Bravo Owned Rental Income | 1,919 | 1,679 | 1,200 | 4,290 | 3,754 | 12,841 | 2,681 | 3,302 | 16,480 | 4,741 | 6,431 | 33,635 |
| Rental Equipment Income | - | - | - | 4,557 | 3,987 | 8,544 | 2,848 | 9,765 | 6,459 | 2,980 | 5,724 | 27,775 |
| Professional Services | - | - | - | - | - | - | - | - | 378 | - | 1,911 | 2,289 |
| Customer Discounts | (20) | (17) | (12) | (215) | (188) | (453) | (135) | (331) | (718) | (16,754) | (122) | (18,059) |
| **Cash Receipts** | 312,617 | 273,540 | 195,386 | 392,323 | 343,363 | 1,517,230 | 245,849 | 704,912 | 1,117,192 | 1,074,785 | 1,067,042 | 4,209,781 |
| **Direct Job Expenses** | | | | | | | | | | | | |
| Labor-Regular Time | 24,638 | 21,558 | 15,399 | 36,020 | 31,518 | 129,134 | 22,513 | 58,478 | 84,284 | 91,227 | 101,442 | 357,944 |
| Labor-Overtime | 8,021 | 7,019 | 5,013 | 8,719 | 7,629 | 36,401 | 5,449 | 12,318 | 24,030 | 30,501 | 35,711 | 108,008 |
| Plant Labor-Regular | 5,984 | 5,236 | 3,740 | 9,561 | 8,366 | 32,888 | 5,976 | 21,963 | 21,889 | 23,021 | 25,004 | 97,852 |
| Plant Labor-OT | 1,428 | 1,250 | 893 | 2,257 | 1,975 | 7,804 | 1,411 | 7,208 | 5,272 | 7,658 | 5,162 | 26,712 |
| Tanker Labor-Regular | 5,284 | 4,623 | 3,302 | 5,957 | 5,212 | 24,378 | 3,723 | 9,642 | 12,382 | 13,445 | 15,057 | 54,248 |
| Tanker Labor-Overtime | 762 | 667 | 476 | 273 | 239 | 2,416 | 170 | 1,804 | 3,277 | 1,793 | 2,127 | 9,171 |
| Labor-Payroll Taxes | 5,081 | 4,446 | 3,176 | 6,029 | 5,276 | 24,007 | 3,768 | 13,180 | 20,886 | 17,758 | 26,600 | 82,193 |
| Labor-Employee Benefits | 2,346 | 2,053 | 1,466 | 2,260 | 1,978 | 10,102 | 1,413 | 4,282 | 9,987 | 8,368 | 15,819 | 39,869 |
| Truck Operation-Fuel | 10,662 | 9,329 | 6,664 | 13,938 | 12,196 | 52,789 | 8,711 | 26,216 | 40,280 | 39,442 | 46,159 | 160,809 |
| Truck Operation-Oil & Filters | 1,155 | 1,011 | 722 | 1,286 | 1,125 | 5,300 | 804 | 2,083 | 3,850 | 4,318 | 4,211 | 15,265 |
| Truck R & M - Vactor Chassis | 1,569 | 1,373 | 980 | 2,703 | 2,365 | 8,990 | 1,689 | 2,946 | 4,369 | 7,043 | 6,418 | 22,465 |

PPV, Inc.
Bravo Environmental NW, Inc.
Cash Collateral Budget

| PPV & Bravo Consolidated | Five Week forecast from 12/9/2019 to 1/10/2020 | | | | | Interim Authority Total | Remaining Part of January | Five month Forecast from 1/13/2020 to 5/31/2020 | | | | Final Authority Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Week ending December 13th | Week ending December 20th | Week ending December 27th | Week ending January 3rd | Week ending January 10th | | | Month of February 2020 | Month of March 2020 | Month of April 2020 | Month of May 2020 | |
| Truck R & M - Vactor Parts | 918 | 803 | 574 | 5,906 | 5,168 | 13,369 | 3,691 | 1,390 | 2,483 | 9,198 | 7,533 | 24,296 |
| Truck R & M - Tankers & Sup | 4,233 | 3,704 | 2,645 | 1,781 | 1,558 | 13,920 | 1,113 | 3,800 | 3,983 | 3,830 | 4,219 | 16,945 |
| Truck R & M - CCTV Van Repair | 20 | 18 | 13 | 3 | 2 | 56 | 2 | - | - | - | 174 | 175 |
| Truck R & M - CCTV Equipment | 873 | 764 | 545 | 106 | 93 | 2,381 | 67 | 2,654 | 107 | - | 243 | 3,071 |
| Truck R & M - Tires | 1,819 | 1,592 | 1,137 | 633 | 554 | 5,735 | 396 | 483 | 7,244 | 3,243 | 154 | 11,520 |
| Truck R & M - Fleet Tracking | 678 | 594 | 424 | 1,074 | 940 | 3,710 | 671 | 2,685 | 2,685 | 2,685 | 2,685 | 11,413 |
| Truck R & M - Labor-Mechanics | 3,839 | 3,359 | 2,399 | 3,413 | 2,986 | 15,995 | 2,133 | 8,053 | 11,310 | 11,818 | 11,958 | 45,272 |
| Truck R & M - OT Labor-Mech. | 1,132 | 990 | 707 | 1,112 | 973 | 4,915 | 695 | 1,784 | 2,795 | 4,502 | 3,544 | 13,321 |
| Equipment Repair & Parts | 1,458 | 1,276 | 912 | 2,850 | 2,494 | 8,991 | 1,782 | 4,615 | 13,823 | 3,417 | 4,161 | 27,798 |
| Truck License & Permits | 2,780 | 2,433 | 1,738 | 2,324 | 2,034 | 11,309 | 1,453 | 4,727 | 5,513 | 5,839 | 5,089 | 22,620 |
| Disposal Fees | - | 34,600 | 8,000 | 34,380 | 8,000 | 84,980 | 8,025 | 28,902 | 54,152 | 55,289 | 55,296 | 201,664 |
| Sub Contractor Expense | - | 908 | - | - | 794 | 1,702 | 567 | - | 1,278 | - | 1,278 | 1,846 |
| Equipment Rental Expense | 2,960 | 2,590 | 1,850 | 33,001 | 28,876 | 69,276 | 20,625 | 27,619 | 24,429 | 25,327 | 26,244 | 124,245 |
| Utilities-Natural Gas | 8 | 5 | 5 | 209 | 183 | 411 | 131 | 463 | 457 | 279 | 247 | 1,576 |
| Utilities-Electricity | 2,387 | 2,089 | 1,492 | 4,422 | 3,869 | 14,260 | 2,764 | 10,444 | 10,422 | 9,663 | 9,705 | 42,997 |
| Utilities-Water & Sewer | 9,618 | 8,416 | 6,011 | 15,846 | 13,865 | 53,756 | 9,904 | 45,228 | 37,756 | 44,919 | 37,263 | 175,070 |
| Shop Supplies | 294 | 184 | 184 | 326 | 285 | 1,347 | 204 | 1,502 | 2,337 | 888 | 1,104 | 6,034 |
| Truck Accidents & Tickets | - | - | - | - | - | - | - | - | 1,327 | 41 | - | 1,369 |
| Material Costs | 712 | 623 | 445 | 1,313 | 1,149 | 4,242 | 821 | (890) | 5,787 | 4,024 | 4,331 | 14,072 |
| InfraMarker Supplies & Expense | - | - | - | 680 | 595 | 1,275 | 425 | 850 | 850 | 850 | - | 2,975 |
| Field Consumables | 616 | 539 | 385 | 772 | 675 | 2,988 | 482 | 3,828 | 2,278 | 2,412 | 2,606 | 11,606 |
| Locating Supplies & Expense | - | - | - | - | - | - | - | - | 30 | - | 170 | 201 |
| Small Tools & Equipment | 148 | 130 | 93 | 58 | 50 | 478 | 36 | 1,707 | 383 | 2,221 | 1,187 | 5,534 |
| Sample Testing | 882 | 772 | 551 | 2,143 | 1,875 | 6,224 | 1,340 | 778 | 1,074 | 243 | 3,776 | 7,211 |
| Lab Supplies | 144 | 126 | 90 | 34 | 30 | 426 | 21 | 121 | 5 | 1,035 | 94 | 1,275 |
| Water Fees | 233 | 204 | 146 | 336 | 294 | 1,213 | 210 | 663 | 1,230 | 970 | 1,022 | 4,095 |
| Safety - Employees PPE | 579 | 506 | 362 | 1,410 | 1,234 | 4,091 | 881 | 1,126 | 1,749 | 1,471 | 2,213 | 7,439 |
| Safety - Traffic Field | 764 | 668 | 477 | 2,789 | 2,440 | 7,138 | 1,743 | 109 | 9,953 | 2,062 | 2,896 | 16,763 |
| Safety - OSHA/Drug Testing/MVR | 99 | 86 | 62 | 413 | 362 | 1,022 | 258 | 945 | 441 | 372 | 715 | 2,731 |
| Uniform Rental | 246 | 216 | 154 | 313 | 274 | 1,203 | 196 | 855 | 794 | 1,074 | 758 | 3,676 |
| Filing Fees & Permits | 921 | 805 | 575 | 1,228 | 1,075 | 4,604 | 768 | 5,334 | 2,992 | 4,825 | 7,643 | 21,562 |
| Chemicals | 9,545 | 8,352 | 5,966 | 12,000 | 10,500 | 46,364 | 7,500 | 25,000 | 20,000 | 15,000 | 15,000 | 82,500 |
| Printing Forms | - | 379 | - | 379 | 332 | 711 | 237 | 581 | - | - | - | 818 |
| **Subtotal Direct Job Expenses** | **128,578** | **112,506** | **80,361** | **206,950** | **181,081** | **722,300** | **124,767** | **344,896** | **460,754** | **462,071** | **495,739** | **1,888,227** |
| **Gross Profit** | **184,039** | **161,034** | **115,024** | **185,373** | **162,282** | **794,929** | **121,082** | **360,017** | **656,439** | **612,714** | **571,303** | **2,321,554** |
| | | | | | | | | | | | | |
| G & A Expenses | | | | | | | | | | | | |
| Management Salary | 9,918 | 8,678 | 6,199 | 13,671 | 11,962 | 50,429 | 8,544 | 36,382 | 38,507 | 43,097 | 41,767 | 168,298 |
| Office Hourly Wages-Regular | 7,639 | 6,684 | 4,774 | 15,184 | 13,286 | 47,567 | 9,490 | 34,578 | 36,947 | 38,018 | 36,832 | 155,865 |
| Office Hourly Wages-Overtime | 288 | 252 | 180 | 780 | 683 | 2,182 | 488 | 867 | 3,243 | 2,784 | 1,848 | 9,230 |

| PPV & Bravo Consolidated | Five Week forecast from 12/9/2019 to 1/10/2020 | | | | | | Five month Forecast from 1/13/2020 to 5/31/2020 | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1 Week ending December 13th | 2 Week ending December 20th | 3 Week ending December 27th | 4 Week ending January 3rd | 5 Week ending January 10th | Interim Authority Total | Remaining Part of January | Month of February 2020 | Month of March 2020 | Month of April 2020 | Month of May 2020 | Final Authority Total |
| Indirect Labor-Pre & Post Trip | 1,682 | 1,471 | 1,051 | 2,655 | 2,323 | 9,182 | 1,659 | 4,294 | 5,852 | 6,645 | 7,531 | 25,980 |
| Sales Salary | 8,351 | 7,307 | 5,219 | 11,599 | 10,149 | 42,625 | 7,249 | 27,362 | 26,337 | 28,260 | 28,848 | 118,057 |
| Sales Commision | 1,759 | 1,539 | 1,099 | 5,817 | 5,090 | 11,183 | 3,636 | 9,671 | 10,183 | 13,770 | 11,858 | 49,118 |
| Payroll Taxes | 4,131 | 3,615 | 2,582 | 7,605 | 6,655 | 24,588 | 4,753 | 19,739 | 17,810 | 17,449 | 18,261 | 78,013 |
| Workers Comp Insurance | 702 | 615 | 439 | 900 | 787 | 3,442 | 562 | 1,294 | 1,837 | 2,136 | 183 | 6,012 |
| Union Dues | 1,977 | 1,730 | 1,235 | 1,322 | 1,157 | 7,420 | 826 | 4,755 | 8,875 | 7,459 | 10,197 | 32,112 |
| Medical & Dental Insurance | 9,653 | 8,446 | 6,033 | 13,850 | 12,119 | 50,100 | 8,656 | 34,670 | 35,676 | 34,673 | 34,628 | 148,303 |
| Vacation & Holiday | 4,343 | 3,800 | 2,715 | 7,673 | 6,714 | 25,245 | 4,796 | 23,354 | 8,714 | 10,887 | 22,076 | 69,827 |
| Sick Leave | 138 | 120 | 86 | 435 | 380 | 1,159 | 272 | 2,276 | 1,225 | 1,300 | 487 | 5,560 |
| 401k Matching Contribution | 838 | 734 | 524 | 1,553 | 1,359 | 5,007 | 970 | 4,033 | 5,606 | 2,844 | 2,775 | 16,228 |
| Training & Development | 239 | 209 | 149 | 56 | 49 | 702 | 35 | 111 | 86 | 573 | 267 | 1,072 |
| Training Wages | 162 | 141 | 101 | 462 | 404 | 1,270 | 289 | 418 | 918 | 9,142 | 4,052 | 14,819 |
| Life Insurance | 45 | 39 | 28 | 72 | 63 | 248 | 45 | 181 | 181 | 181 | 181 | 768 |
| Employee Goodwill | 52 | 45 | 32 | 108 | 95 | 333 | 68 | 349 | 146 | 173 | 36 | 772 |
| Auto Expense | 1,663 | 1,455 | 1,039 | 3,977 | 3,479 | 11,613 | 2,485 | 9,914 | 10,460 | 8,201 | 11,114 | 42,174 |
| Advertising - General | 167 | 146 | 104 | 62 | 54 | 532 | 39 | 246 | 638 | 103 | 204 | 1,230 |
| Advertising - Printed Material | 95 | 83 | 59 | 59 | 133 | 522 | 95 | 59 | - | - | - | 153 |
| Advertising - Promotional Item | 55 | 48 | 34 | - | - | 136 | - | - | - | - | - | - |
| Advertising - Shows & Conf. | 136 | 119 | 85 | 79 | 69 | 490 | 50 | 1,953 | (199) | - | - | 1,804 |
| Advertising - Customer Meals | 162 | 142 | 101 | 51 | 44 | 500 | 32 | 173 | 324 | 436 | 496 | 1,462 |
| Advertising-Marketing Expense | 264 | 231 | 165 | 274 | 240 | 1,173 | 171 | 515 | 639 | 637 | 477 | 2,439 |
| Office Temp & Part Time | - | - | - | - | - | - | - | - | - | - | - | - |
| Office Supplies | 238 | 208 | 149 | 791 | 692 | 2,079 | 495 | 400 | 685 | 428 | 594 | 2,602 |
| Computer Exp-R & M | 192 | 168 | 120 | 486 | 426 | 1,392 | 304 | 852 | 662 | 802 | 802 | 3,423 |
| Computer Exp-Software | 82 | 72 | 51 | 426 | 373 | 1,003 | 266 | 278 | 304 | 3,154 | 304 | 4,306 |
| Computer Exp-Website Expense | 70 | 61 | 43 | 60 | 53 | 287 | 38 | 401 | 308 | 85 | 85 | 917 |
| Office Equipment Leasing | 2,153 | 1,884 | 1,346 | 3,175 | 2,778 | 11,335 | 1,984 | 8,418 | 8,728 | 5,726 | 6,912 | 31,769 |
| Printing & Copies | - | - | - | - | - | - | - | 1,839 | - | - | 1,487 | 3,327 |
| Postage & Shipping | 128 | 112 | 80 | 201 | 176 | 697 | 126 | 112 | 111 | 567 | 9 | 926 |
| Water & Coffee | 213 | 186 | 133 | 378 | 331 | 1,241 | 236 | 445 | 434 | 457 | 958 | 2,530 |
| Dues & Subscriptions | 242 | 211 | 151 | 450 | 394 | 1,447 | 281 | 1,095 | 1,185 | 1,585 | 1,256 | 5,402 |
| Professional - Accounting | - | - | - | - | - | - | - | - | - | - | - | - |
| Professional - Administrative | 1,522 | 1,332 | 951 | 11 | 10 | 3,826 | 7 | 1,009 | 28 | 28 | 28 | 1,099 |
| Professional - Consulting | 4,773 | 4,176 | 2,983 | 7,000 | 6,125 | 25,057 | 4,375 | 17,500 | 17,500 | 17,500 | 17,500 | 74,375 |
| Professional - Legal | - | - | - | - | - | - | 20,000 | 20,000 | 20,000 | 15,000 | 15,000 | 90,000 |
| Professional - Payroll Service | 190 | 167 | 119 | 270 | 236 | 983 | 169 | 477 | 715 | 465 | 455 | 2,280 |
| Telephone-Land Line Service | 54 | 47 | 34 | 546 | 477 | 1,158 | 341 | 475 | 475 | 474 | 477 | 2,241 |
| Telephone - Cell Phones | 745 | 651 | 465 | 685 | 600 | 3,147 | 428 | 3,136 | 2,060 | 2,638 | 1,405 | 9,667 |
| Telephone-Data & Internet | 153 | 134 | 96 | 347 | 303 | 1,033 | 217 | 1,958 | 1,900 | 1,909 | 1,934 | 7,917 |
| Telephone-Answering Service | 73 | 64 | 46 | 106 | 92 | 380 | 66 | 258 | 262 | 250 | 256 | 1,092 |
| Taxes-B & O & Licenses | 632 | 553 | 395 | 4,632 | 4,053 | 10,265 | 2,895 | 5,849 | 8,365 | 6,604 | 6,859 | 30,572 |
| Taxes-Property | 3,571 | 3,124 | 2,232 | 5,373 | 4,701 | 19,002 | 3,358 | 15,858 | 14,645 | 11,856 | 14,515 | 60,232 |

PPV, Inc.
Bravo Environmental NW, Inc.
Cash Collateral Budget

| PPV & Bravo Consolidated | Five Week forecast from 12/9/2019 to 1/10/2020 | | | | | Interim Authority | Five month Forecast from 1/13/2020 to 5/31/2020 | | | | | Final Authority |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | | Remaining | | | | | |
| | Week ending December 13th | Week ending December 20th | Week ending December 27th | Week ending January 3rd | Week ending January 10th | Total | Part of January | Month of February 2020 | Month of March 2020 | Month of April 2020 | Month of May 2020 | Total |
| Rent Expense | 11,180 | 9,782 | 6,987 | 16,453 | 14,397 | 58,799 | 10,283 | 41,133 | 41,133 | 41,133 | 41,133 | 174,815 |
| Building Repairs & Maintenance | 490 | 429 | 306 | 2,304 | 2,016 | 5,545 | 1,440 | 2,164 | 2,404 | 602 | 1,194 | 7,804 |
| Janitorial Service & Supplies | 777 | 680 | 486 | 1,031 | 902 | 3,876 | 644 | 2,630 | 2,348 | 2,786 | 2,746 | 11,154 |
| Security Expense | - | - | - | 241 | 211 | 452 | 151 | 338 | 76 | 636 | - | 1,201 |
| Insurance-General Liability | 8,543 | 7,475 | 5,339 | 12,705 | 11,117 | 45,180 | 7,941 | 32,735 | 34,095 | 34,095 | 32,076 | 140,942 |
| Insurance-Bonds | - | - | - | 54 | 48 | 102 | 34 | - | 182 | 175 | 669 | 1,060 |
| T & E - Meals & Entertainment | 491 | 430 | 307 | 528 | 462 | 2,219 | 330 | 693 | 1,297 | 1,632 | 1,879 | 5,831 |
| T & E - Per Diem Paid | 86 | 75 | 54 | 162 | 141 | 518 | 101 | 404 | 202 | - | - | 707 |
| T & E - Lodging | 109 | 95 | 68 | 1,255 | 1,098 | 2,626 | 784 | 982 | 566 | 100 | 734 | 3,167 |
| T & E - Airfare & Rental Car | 27 | 24 | 17 | 838 | 733 | 1,639 | 524 | 287 | 100 | 100 | 1,798 | 2,809 |
| Bank Charges-Services & Wires | 207 | 181 | 129 | 477 | 418 | 1,413 | 298 | 726 | 663 | 1,134 | 5,632 | 8,453 |
| Bank Charges-Merchant fees | 970 | 849 | 606 | 4,162 | 3,642 | 10,228 | 2,601 | 4,310 | 4,305 | 4,281 | 7,752 | 23,250 |
| MetaBank - LOC Interest | 1,553 | 1,359 | 971 | 2,899 | 2,537 | 9,319 | 1,812 | 7,613 | 7,152 | 6,842 | 7,760 | 31,178 |
| MetaBank - Equipment Finance | - | 41,354 | - | 41,354 | - | 82,708 | 82,708 | 82,708 | 82,708 | 82,708 | 82,708 | 413,540 |
| Miscellaneous | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 12,500 | 5,000 | 10,000 | 10,000 | 10,000 | 10,000 | 45,000 |
| UST Fees | - | | | - | | | 4,875 | | | 26,239 | | 31,114 |
| Subtotal G & A Expenses | 96,419 | 126,033 | 61,199 | 200,238 | 139,336 | 623,225 | 210,323 | 484,221 | 479,660 | 510,758 | 501,037 | 2,185,999 |
| Total Expenses | 224,997 | 238,539 | 141,561 | 407,188 | 320,417 | 1,345,525 | 335,090 | 829,117 | 940,414 | 972,829 | 996,776 | 4,074,226 |
| Income from Operations | 87,620 | 35,001 | 53,825 | (14,865) | 22,946 | 171,704 | (89,241) | (124,204) | 176,778 | 101,956 | 70,266 | 135,556 |
| Available Cash | 154,798 | 189,799 | 243,625 | 228,760 | 251,706 | 238,882 | 149,641 | 25,437 | 202,215 | 304,172 | 374,438 | 374,438 |

## APPENDIX A

PPV, Inc. and Bravo Environmental NW, Inc. (collectively the "Debtors"; each a "Debtor"), having contacted Crestmark, a division of MetaBank, as successor to Crestmark Bank, and Crestmark Equipment Finance, a division of MetaBank, as successor to Crestmark Equipment Finance, Inc. (collectively "Crestmark" or the "Bank"), regarding an immediate need for funding and to use cash collateral to continue operations during its chapter 11 bankruptcy proceedings; the Bank having agreed to provide the necessary funding and the use of its cash collateral upon the conditions set forth below; and the Debtors and the Bank having stipulated and agreed as follows:

## RECITALS

A.    On December 10, 2019 (the "Petition Date"), each Debtor filed a petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Code"). The bankruptcy cases of the Debtors are to be jointly administered but not substantively consolidated. Since that time, each Debtor has remained in possession of its assets and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107 and 1108 of the Code.

B.    Debtors filed a Motion For Order Authorizing Use of Cash Collateral of Debtors-in-Possession, Continued Use of Existing Line of Credit, and Granting Adequate Protection (the "Motion").

C.    Bank previously entered into financing arrangements with the Debtors and Guarantor (as hereinafter defined) pursuant to, among others, the following documents (collectively the "Pre-Petition Loan Documents"):

### Line of Credit Loan

1.    A Promissory Note dated July 27, 2017, in the stated principal amount of $2,000,000.00 (the "Note");

2.    A Loan and Security Agreement and Schedule each dated July 27, 2017, as amended by Amendment No. 1 to Schedule to Loan and Security Agreement dated November 3, 2017 (collectively the "Loan Agreement");

3.    The Personal Guaranties each dated July 27, 2017 (collectively the "Line of Credit Guaranty") from Joseph J. Thuney and James F. Thuney (collectively the "Guarantor");

4.    A UCC-1 Financing Statements covering all assets of each Debtor was recorded on June 27, 2017 with the Oregon Secretary of State, File no. 91235137; and

5.    A UCC-1 Financing Statements covering all assets of each Debtor was recorded on June 27, 2017 with the Washington Secretary of State, File no. 201717810580.

## Equipment Loan

6.      Equipment Finance Agreement No. 170420-000 dated July 11, 2017 by and between CEF and Debtors, as amended by Amendment No. 1 dated August 15, 2017 (the "Equipment Finance Agreement");

7.      The Guaranties each dated July 17, 2017 (collectively with the Line of Credit Guaranty, the "Guaranty") from Guarantor;

8.      A UCC-1 Financing Statement covering all assets of each Debtor was recorded on August 25, 2017 with the Oregon Secretary of State, File no. 91301409;

9.      A UCC-1 Financing Statement covering all assets of each Debtor was recorded on August 18, 2017 with the Washington Secretary of State, File no. 201723045655;

10.     CEF is named as lienholder on the certificate of title for each vehicle subject to the Equipment Finance Agreement.

D.      All capitalized terms not defined herein shall have the meaning given to such terms in the Pre-Petition Loan Documents.

E.      As of December 4, 2019, Bank asserts that the Debtor was indebted to the Bank under the Line of Credit Loan in the principal amount of $1,103,338, and there remained to be paid 34 payments (each a "Finance Payment") each in the amount of $82,708.01 under the Equipment Loan, plus interest, fees and costs allowed under the Pre-Petition Loan Documents (the "Pre-Petition Indebtedness").

F.      To continue the operation of its business during the chapter 11 reorganization process, each Debtor represents that it must use cash collateral and obtain secured financing from the Bank to pay post-petition obligations incurred by each Debtor in the ordinary course of its business.

G.      Debtors desire that the Bank continue its existing Line of Credit Loan under the terms of the Pre-Petition Loan Documents, to enable the Debtors to continue to operate pursuant to the terms and conditions described in this Order.

H.      Each Debtor urgently requires financing under section 364 of the Code to fund daily operations.  Each Debtor's inability to fund daily operations could result in a long-term negative impact on the value of each Debtor to the prejudice and detriment of each Debtor and its creditors, customers and employees.

I.      Each Debtor represents that it is presently unable to obtain, in the ordinary course of business or otherwise, unsecured credit allowable under section 503(b)(1) of the Code as an administrative expense, unsecured credit allowable under section 364(a) or (b) of the Code or secured credit under section 364(c) of the Code, other than credit from the Bank as provided in this Order pursuant to Section 364(d) of the Code.

J.      The terms of this Order and the financing contemplated herein have been negotiated at arms-length with all parties represented by experienced counsel, are fair and reasonable under the circumstances, are for reasonably equivalent value and fair consideration, and are in good faith as that term is used in section 364(e) of the Code. Accordingly, the Bank, in making advances pursuant to this Order, is entitled to the protection subscribed in section 364(e) of the Code.

NOW, THEREFORE, the following terms and conditions are hereby agreed by the Debtors and the Bank and shall be incorporated into any order on the Motion.

## SECTION 1: PRE-PETITION LOAN DOCUMENTS

1.1     Subject to the rights of any party in interest as set forth in paragraph 12 of the Order, the Pre-Petition Loan Documents are incorporated herein by reference and shall be construed and considered as post-petition agreements between Debtors and Bank under this Order (except to the extent inconsistent herewith or modified hereby).  The Bank shall continue to have dominion over all funds and Debtors have no authority to use cash collateral and receipts generated in its business operations except as provided in this Order.

1.2     Each Debtor is hereby authorized to use cash collateral and to borrow money and seek other financial accommodations from Bank and is ordered to perform its obligations hereunder in accordance with the terms hereof.  All loans and obligations incurred on or after the Petition Date by Debtor to Bank are referred to as the "DIP Indebtedness" and, together with the Pre-Petition Indebtedness, as the "Indebtedness". All loans advanced after the Petition Date will be deemed to be additional loans under the Pre-Petition Loan Documents, subject to the rights and priorities provided herein, and will be advanced by Bank to Debtors and be guaranteed by Guarantor, as provided in the Pre-Petition Loan Documents. Bank shall not be required to provide any financing to Debtors unless and until each Guarantor ratifies and reaffirms the Guaranty in favor of the Bank by executing this Order where indicated below.

## SECTION 2: LOAN AUTHORIZATIONS

2.1     Debtors are hereby authorized to use cash collateral and to borrow from the Bank pursuant to the terms and conditions of the Pre-Petition Loan Documents, which include the following Advance Formula found in paragraph 2. of the Schedule (the "Funding"):

LOAN; LOAN ADVANCES UNDER LINE OF CREDIT.

Advance Formula: Advances of the Line of Credit Loan may be measured against a percentage of the Debtors' Eligible Accounts.

The Loan Amount may not exceed an amount which is the lesser of:

(a)     Two Million Dollars ($2,000,000.00) ("Maximum Amount"); or

(b)     Eighty-five percent (85%) of Eligible Accounts.

Appendix A – Page 3 of 8
4707702.v2

2.2.    All proceeds and collections of the Pre-Petition Collateral and the DIP Collateral (as hereinafter defined), including the proceeds and collections of the receivables pledged to Bank under the Interim Order, must be forwarded to the Lockbox Account at Bank.  Bank is hereby authorized to notify all Account Debtors, and all Account Debtors are directed to make, all payments to the Lockbox Account.  In addition, all of the Debtors' invoices must be marked to show that the payments must be made to the Bank at the Lockbox Account.

The proceeds of each Account (including those with respect to the Interim Order) that Bank collects will be applied as follows:

(a)    first, to Bank in an amount equal to the Advance on that Account whether such Advance occurred prior to or after the Petition Date.  Without limiting the foregoing, Advances on Pre-Petition Date Accounts will be paid from the proceeds of Pre-Petition Date Accounts and will not be paid with the proceeds of Post-Petition Date Accounts;

(b)    then to Bank in an amount equal to unpaid interest;

(c)    then to Bank to pay any expenses, approved by the Court, Debtors owe to Bank; and

(d)    last, unless Bank elects to withhold all or part of the funds in a reserve for repayment of questionable Accounts or unless there is a default hereunder, to Debtors.

2.3.    Provided that each Debtor complies with the requirements of Pre-Petition Loan Documents and that the Indebtedness does not exceed the Advance Formula, the Bank shall make Advances to the Debtors.

2.4    All other terms and conditions of the Pre-Petition Loan Document shall remain effective.

## SECTION 3: ADEQUATE PROTECTION

3.1    To secure the DIP Indebtedness and as adequate protection for and to protect the Bank against any diminution in the value of the Pre-Petition Collateral including but not limited to diminution in value of the Debtors' equipment and accounts:

(a)    The Bank is hereby granted, pursuant to sections 364(c)(2) and 364(c)(3) of the Code, a first lien on the Debtor's accounts and equipment, and a lien on all of the Debtors' other personal property of any kind and nature whatsoever subject to any valid senior liens on other personal property, whether now owned or hereafter acquired by each Debtor, and all proceeds, rents or profits thereof, including all of the Pre-Petition Collateral (collectively, the "DIP Collateral").  Any pre-petition security interest or lien on the Pre-Petition Collateral which is avoided or otherwise preserved for the benefit of Debtor's estate under section 551 or any other provisions of the Code shall be subordinate to the security interests in favor of Bank on the DIP Collateral.  Notwithstanding anything contained herein to the contrary, this Order does not afford Bank a security interest in any chapter 5 causes of action; and

(b)     Debtors shall timely make each Finance Payment to Bank when due under the Equipment Finance Agreement.

3.2     All liens and security interests in the DIP Collateral granted to Bank by this Order are deemed duly perfected and recorded under all applicable laws as of the date hereof, and no notice, filing, mortgage recordation, possession, further order or act shall be required to effect or continue such perfection, although Bank may, in its sole discretion, and at each Debtor's expense, make any filings or recordations or other acts it deems appropriate with respect to such perfection.

3.3     The DIP Indebtedness shall have the highest administrative priority under section 364(c)(1) of the Code, and shall have priority over all other costs and expenses of administration, including those specified in, or ordered pursuant to, sections 105, 326, 330, 331, 503(b), 506(c), 507(a), 507(b) or 726 or any other provision of the Code or otherwise (whether incurred in this case, any conversion of this case pursuant to section 1112 of the Code, or in any other proceedings related hereto or thereto). Notwithstanding anything contained herein to the contrary, the provisions of this paragraph do not afford Bank a security interest in any Chapter 5 causes of action.

Nothing in this Order constitutes Bank's consent to a section 506(c) surcharge.

Notwithstanding the foregoing, Bank's liens on and security interests in the DIP Collateral and Bank's administrative claims under section 364(c)(1) of the Code shall be subject to the payment of any unpaid fees payable pursuant to 28 U.S.C. § 1930 and any unpaid fees payable to the Clerk of this Court or the Office of the United States Trustee.

3.4     Through the Final Hearing (hereinafter defined), and thereafter if this Order becomes a Final Order, all collections and proceeds of any Pre-Petition or DIP Collateral and all other cash or cash equivalents which shall at any time on or after the Petition Date come into the possession or control of Debtors, or to which Debtors shall become entitled to at any time ("Post-Petition Collections") shall be deposited or forwarded into the Lockbox Account with Bank and shall be applied to the Indebtedness.

3.5     Each Debtor shall permit Bank and any authorized representatives designated by Bank, including auditors and appraisers engaged by Bank, reasonable access to visit and inspect any of the properties of each Debtor during normal business hours and with reasonable notice, to review each Debtor's financial and accounting records, and to make copies and take extracts therefrom, and to discuss each Debtor's affairs, finances and business with each Debtor's officers, consultants, and accountants.  Without limiting the generality of the foregoing, each Debtor shall promptly provide to Bank and its designated representatives any information or data reasonably requested to monitor each Debtor's compliance with the provisions of this Order and to perform audits, appraisals or other valuation analyses of any personal property of each Debtor.

3.6     All of Bank's rights are expressly reserved if no Final Order is entered.  Except as otherwise specifically provided herein, Bank does not waive any rights it has pursuant to

Appendix A – Page 5 of 8
4707702.v2

the Pre-Petition Loan Documents and Bank shall retain all rights available pursuant to the Code or any other applicable law.

3.7     The Bank has no commitment to provide funding beyond the Termination Date (as hereinafter defined), provided that the Debtors retain the right to seek to use cash collateral without the consent of the Bank pursuant to an order of this Court.

3.8     The rights and obligations of each Debtor and the rights, claims, liens, security interests and priorities of Bank arising under this Order are in addition to, and are not intended as a waiver or substitution for, the rights, obligations, claims, liens, security interests and priorities granted by each Debtor, as pre-petition debtor, under the Pre-Petition Loan Documents.

3.9     The provisions of this Order shall be binding upon and inure to the benefit of Bank, Debtors and their respective successors and assigns, including any trustees of Debtors in chapter 11 or chapter 7.

3.10    If this case is dismissed, Bank's rights and remedies under this Order shall remain in full force and effect.

3.11    This Court has considered and determined the matters addressed herein pursuant to its powers under the Code, including the power to authorize Debtor to obtain credit on the terms and conditions upon which Debtors and the Bank have agreed.  Thus, each of such terms and conditions constitutes a part of the authorization under section 364 of the Code, and is, therefore, subject to the protections contained in section 364(e) of the Code except as otherwise provided herein.

3.12    Notwithstanding anything contained herein, if any provision of this Order is hereafter modified, at the Final Hearing or otherwise, by final order of this or any other court, such modifications shall not affect the validity of any DIP Indebtedness outstanding or any right authorized hereby with respect to any such DIP Indebtedness. Without limiting the foregoing, if the Final Order is not entered, the Debtor shall nonetheless be required to repay any DIP Indebtedness on demand.

3.13    Each Debtor, at its expense, shall (a) continue to keep all collateral insured against all loss, peril and hazard and name Bank as lender's loss payable under such policies; and (b) pay any and all post-petition taxes, assessment and governmental charges, except to the extent such are being contested in good faith by appropriate proceedings and Debtor maintains appropriate cash reserves for the expenses being contested, and provide Bank with proof of the foregoing within 3 days of payment. Copies of all federal tax returns, federal tax deposits and other payments made by Debtor during the pendency of this Order shall be timely mailed to Bank.

**SECTION 4:  COVENANTS AND REPORTING REQUIREMENTS**

4.1     Each Debtor shall comply with all covenants and maintain all formulas contained in the Pre-Petition Loan Documents.

4.2     Each Debtor will promptly give the Bank prior written notice of the occurrence of any event or any matter which has resulted or will result in a material adverse change in its business, assets, operations or financial condition.

## SECTION 5: DEFAULT, RIGHTS AND REMEDIES OF THE BANK AND SERVICE

5.1     Each of the following events shall constitute an event of default (an "Event of Default") hereunder:

(a)     An order dismissing the case, converting either case to Chapter 7, appointing an examiner with expanded powers or a trustee, or terminating the authority of either Debtor to conduct business;

(b)     Failure of either Debtor to make any payment when due; or

(c)     There is a default (other than payments) by either Debtor under this Order or the Loan Documents.

5.2     Upon the Termination Date (as hereinafter defined):

(a)     The entire Indebtedness remaining unpaid at the election of the Bank shall become due; and

(b)     Each Debtor's authority to use cash collateral shall cease upon three (3) business days' notice, and the Bank may file a motion for relief from the automatic stay upon five (5) business days' notice, and each Debtor may file a motion for authority to use cash collateral which the Court will hear on an expedited basis.

"Termination Date" shall mean the earlier of an Event of Default or May 31, 2020.  The Debtors and the Bank may agree to extend the Termination Date without further order of the Court, provided, the Bank shall have no obligation to do so.

5.3     The Bank shall have no obligation to advance any funds to the Debtors unless and until:

(a)     The Debtors and Guarantor have executed such additional loan documents as the Bank may reasonably request; and

(b)     The Debtors and Guarantor have complied with all the terms and conditions of the Pre-Petition Loan Documents.

## SECTION 6: OTHER RIGHTS, OBLIGATIONS AND PROVISIONS

6.1     Each Debtor is authorized and directed to perform all acts, and execute and comply with the terms of such other documents, instruments and agreements that Bank may reasonably require and/or which may otherwise be deemed necessary by Bank to effectuate the terms and conditions of this Order, including, without limitation, such documents as the Bank may deem necessary to correct defects in title and like matters.

6.2     No delay or failure to exercise any right, power or remedy accruing to Bank upon breach or default by either Debtor under this Order or any document or agreement shall

impair any such right, power or remedy of Bank nor shall it be construed to be a waiver of any such breach or default, nor of any breach or default theretofore or thereafter occurring, nor an acquiescence therein.

Appendix A – Page 8 of 8

4707702.v2

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>PPV, Inc.<br><br>              Debtor-in-Possession | Case No. 19-34517-dwh11 |
| In re<br><br>Bravo Environmental NW, Inc.,<br><br><br><br><br><br>              Debtor-in-Possession. | Case No. 19-34518-dwh11<br><br>**PROPOSED** FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL, CONTINUED USE OF EXISTING LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION |

THIS MATTER came before the Court on the _____ day of _____, 20__,

on the motion of Debtors-in-Possession, PPV, Inc. and Bravo Environmental NW, Inc.,

(collectively "Debtors" or "Debtors-in-Possession"), for final authority to use cash collateral,

to obtain credit under an existing line of credit, and to grant adequate protection, due and

adequate notice under the circumstances having been given, and the Court having heard

the representations and argument of counsel, and being otherwise fully advised,

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

The Court finds that:

A. On December 10, 2019 (the "Petition Date"), Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Code"). The Debtors continue in possession of Debtors' property and management of Debtors' businesses as Debtors-in-possession, in accordance with 11 U.S.C. §§ 1107 and 1108. No trustee or examiner has been appointed. The Court has jurisdiction over this case under 28 U.S.C. §§ 157 and 1334. Venue of this case is properly in this District under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. §157(b), 11 U.S.C. §§ 105(a) and 363 of the Code, FRBP 4001 and LBR 4001-1.D.

B. Without the use of Cash Collateral and the Line of Credit, Debtors assert they have insufficient funds to meet their expenses and other payments set forth in the Budget. Debtors assert there is an immediate need to use Cash Collateral and the Line of Credit to pay Debtors' payroll and other operating expenses and to preserve the value of Debtors' business.

C. Debtors assert they require the use of up to $4,074,226 for the period covering January 11, 2019 through and including May 31, 2020 in the amount and for the purposes set forth in the Budget, to meet Debtors' necessary and ordinary course post-petition operating expenses prior to the time prescribed by FRBP 4001(b)(2) for a final hearing for authority to use Cash Collateral.

D. Debtors assert that the following creditors, (the "Lien Creditors"), appear to have security interest/liens upon the Cash Collateral as of the petition date:

Page 2 of 10   **PROPOSED** FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL, CONTINUED USE OF EXISTING LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EX B - Pg 2 of 22          Case 19-34517-dwh11   Doc 58   Filed 12/23/19

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Security Date | Amount Owing | Debtor and Brief Collateral Description |
|---|---|---|---|---|
| Crestmark, a division of MetaBank | 91235237 | 06/.27/17 | $1,103,338 | Debtor (PPV, Inc.) All assets of the Debtor whether now owned or hereafter acquired and wherever located. |
| Crestmark Equipment Finance, a division of MetaBank | 91301409 | 08/25/17 | $2,812,072 | Debtors: All assets of Debtor whether now owned or hereafter acquired and wherever located, including the equipment as listed in the attachment to the Oregon State UCC filing. |
| Crestmark, a division of MetaBank | 2017-178-1058-0 (Washington) | 08/18/17 | See Above | Debtor (Bravo): All assets of the Debtor whether now owned or hereafter acquired and wherever located. |
| Bellridge Capital, LP | 91697120 | 10/15/18 | Approx. $1,400,000 | Debtors: All collateral as described on Exhibit A to the attachment of the Oregon State UCC filing. |
| Leonite Capital, LLC | 2018-290-1614-6 (Washington) | 10/17/18 | $222,222 | Debtor (Bravo): All collateral as described on Exhibit A to the attachment of the Washington State UCC filing. |
| Bellridge Capital, LP | 2018-297-3206-0 (Washington) | 10/24/18 | See Above | Debtor (Bravo): All collateral as described on Exhibit A to the attachment of the Washington State UCC filing. |
| Crestmark Equipment Finance, Inc. | 2017-230-4565-5 (Washington) | 08/18/17 | See Above | Debtor (Bravo): All equipment as listed in the attachment to the Washington State UCC filing. |
| Wells Fargo Bank | 2017-082-6238-1 (Washington) | 03/23/17 | -$0.0- | All collateral as described on Exhibit A to the attachment of the Washington State UCC filing. |

E.  Other than the Lien Creditors noted above, Debtors are not aware of any parties holding an interest in Cash Collateral. The parties below have filed UCC financing statements with the Oregon Secretary of State, but Debtors contend none of the parties below have an interest in the Cash Collateral:

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Debtor and Brief Collateral Description |
|---|---|---|
| US Bank Equipment Finance | 90218674 | Debtor (PPV, Inc.) Office Equipment |
| US Bank Equipment Finance | 90528482 | Debtor (PPV, Inc.) Office Equipment |
| QL Titling Trust, Ltd. | 91479486 | Debtor (PPV, Inc.): X-VAC X-13 SN#XV-5680 (X-13 HYDRO- |

**PROPOSED** FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL, CONTINUED USE OF EXISTING LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34517-dwh11   Doc 58   Filed 12/23/19

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Debtor and Brief Collateral Description |
|---|---|---|
| | | EXCAVATOR SYSTEM MOUNTED ON 2019 PETERBILT 567 TRUCK CHASSIS - 1NPCX4TX4KD496871) |
| Carla Thuney | 91815744 | Debtor (PPV, Inc.): Promissory Note |
| US Bank Equipment Finance | | Debtor (PPV, Inc.): Office Equipment |
| Crossroads Equipment Lease & Finance, LLC | 2016-266-1972-4 (Washington) | Debtor (Bravo) Equipment |
| Crossroads Equipment Lease & Finance, LLC | 2016-266-2008-9 (Washington) | Debtor (Bravo): 1) NEW 2017 PETERBILT 567 TRUCK VIN 1NPCX4TX3HD432751 WITH 15 CUBIC YARD DEBRIS TANK 1700 GALLLON WATER TANK FRONT MOUNTED ROTATING HOSE REEL - AQUATECH F15 SERIAL NUMBER A20161031; and (1) NEW 2017 PETERBILT 348 TRUCK VIN 2NP3XJ0X9HM432752 WITH HI-VAC CORPORATION X-VAC X-8 HYDRO EXCAVATION SYSTEM - SERIAL NUMBER XV-5557 |
| Cofactor, LLC | 91455426 | Debtors: All personal property now owned or hereafter acquired, including but not limited to all machinery, equipment, inventory, account receivables, books and records, furniture, fixtures, general intangibles. |
| Corporation Service Company, as representative | 91459464 | Debtor (PPV, Inc.): Security interest in and to all of Merchant's present and future accounts, chattel paper, deposit accounts, personal property, assets and fixtures, general intangibles, instruments, equipment, inventory wherever located, and proceeds now or hereafter owned or acquired by Merchant. |

**NOW, THEREFORE, it is ORDERED as follows:**

1.      Debtors are authorized to use Cash Collateral and the Line of Credit not to

exceed $4,074,226 for the period covering January 11, 2019 through and including May 31,

2020 (the "Budget Period"), for the purposes specified in the Budget attached hereto as

Page 4 of 10      **PROPOSED** FINAL ORDER AUTHORIZING USE OF CASH
COLLATERAL, CONTINUED USE OF EXISTING LINE OF CREDIT, AND
GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EX B - Pg 4 of 22

Case 19-34517-dwh11      Doc 58      Filed 12/23/19

**Exhibit 1**.  Debtors' authority to use Cash Collateral and the Line of Credit is limited to the cumulative amounts and uses of Cash Collateral as set forth in the Budget; provided however, that Debtors may make expenditures in excess of the amounts specified in the Budget subject to the limitation that the budget variance shall not exceed ten percent (10%) of any line item expenditures under the Budget for the Budget Period.

2.      Notwithstanding anything to the contrary contained in 11 U.S.C. §552(a), as adequate protection for, and to secure payment of, an amount equal to the diminution in the value, if any, of Lien Creditors' collateral arising from Debtors' use of the Cash Collateral post-petition, the Lien Creditors are each granted the following adequate protection:

      a)      A perfected lien and security interest on all property, whether now owned or hereafter acquired by Debtors of the same nature and kind as secured by the claim of the Lien Creditor on the Petition Date (the "Replacement Lien"); provided, however, that such Replacement Lien shall not attach to avoidance or recovery actions of Debtors' estate under Chapter 5 of the Code; and provided, further, that such Replacement Lien shall be subject to all valid, properly perfected and enforceable liens and interests that existed as of the Petition Date (such property on which the Replacement Lien shall attach being referred to herein as the "Replacement Collateral").

      b)      The interests of the Lien Creditors in the Replacement Collateral shall have the same relative priorities as the liens held by them as of the Petition Date.

**PROPOSED** FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL, CONTINUED USE OF EXISTING LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34517-dwh11    Doc 58    Filed 12/23/19

c)    Debtors shall timely perform and complete all actions necessary and appropriate to protect the Cash Collateral against diminution in value.

d)    The Replacement Lien on the Replacement Collateral shall be perfected and enforceable upon entry of this Order without regard to whether such Replacement Lien is perfected under applicable non-bankruptcy law.

e)    The Replacement Lien shall be in addition to all other liens and security interests securing the secured claims of the Lien Creditors in existence on the Petition Date. Nothing in the Order shall abridge or limit Lien Creditors' security interests in proceeds, products or profits to extent provided under Section 552 of the Bankruptcy Code.

f)    Debtors shall keep Lien Creditors' collateral and Replacement Collateral free and clear of all other liens, encumbrances and security interests, other than those in existence on the Petition Date, and shall pay when due all taxes, levies and charges arising or accruing from and after the Petition Date.

g)    Upon reasonable prior notice, Debtors shall allow Lien Creditors access during normal business hours to Debtors' premises to inspect or appraise their collateral.

h)    If, notwithstanding the adequate protection provided by the terms of this Order, any of the Lien Creditors has a claim allowable under 11 U.S.C. §507(a)(2) arising from the stay of action against property of Debtors under 11 U.S.C. §362, from the use, sale or lease of such property

**PROPOSED** FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL, CONTINUED USE OF EXISTING LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34517-dwh11    Doc 58    Filed 12/23/19

under 11 U.S.C. §363, or from the granting of the replacement lien granted herein, then such Lien Creditor's claim under 11 U.S.C. §507(a)(2) shall have priority over every other claim under such subsection as provided by 11 U.S.C. §507(b).

i) As to Crestmark, a division of MetaBank, as successor to Crestmark Bank, and Crestmark Equipment Finance, a division of MetaBank, as successor Crestmark Equipment Finance, Inc. (collectively, "Crestmark"), such additional terms and adequate protection as outlined on **Appendix A**, attached hereto and incorporated herein by reference.

3. This Order shall be deemed to constitute a security agreement under the applicable provisions of the Uniform Commercial Code ("UCC") in effect in states where the Debtors (a) are domiciled, (b) operate their business, and (c) maintain their principal place of business. The Replacement Lien granted hereby shall be a valid, perfected and enforceable security interest and lien on the property of the Debtors and the Debtors' estate without further filing or recording of any document or instrument or any other action, but only to the extent of the enforceability of Lien Creditors' security interests in the Prepetition Collateral. Notwithstanding the foregoing, the Debtors are authorized and directed to execute and deliver to Lien Creditor(s) such financing statements, instruments and other documents as Lien Creditor(s) may deem necessary or desirable from time to time. To the extent necessary, the automatic stay in effect pursuant to 11 U.S.C. § 362 is hereby modified and lifted to permit the granting of the Replacement Lien as set forth herein.

4. Nothing in this Order shall be construed to (a) prejudice a right of any party in interest (including Debtors) to contest the validity, priority or extent of the liens or security

**PROPOSED** FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL, CONTINUED USE OF EXISTING LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34517-dwh11    Doc 58    Filed 12/23/19

interests of any party in any collateral or in the proceeds thereof, as of, on or after the Petition Date; (b) grant a security interest in the debtor-in-possession or trustee's avoidance powers; (c) convert any pre-petition obligations into post-petition obligations; (d) require payment of any obligations on confirmation of a plan of reorganization; (e) alter, improve, limit or impair the rights, if any, of parties claiming to have rights of reclamation against Debtors, or Debtors' assets or (f) enhance the secured position of any creditor as of the Petition Date.

5.     Debtors are authorized to execute and deliver to the Lien Creditors such instruments considered by them to be necessary or desirable to perfect the security interests and liens given to them herein, and said parties are authorized to receive, file, and record the same.

6.     Absent further Order of the Court, Debtors' authority to use cash collateral and to obtain credit shall terminate at 5:00 pm upon May 31, 2020 or the occurrence of any of the following: (a) the violation of the any of the terms of this Order, (b) the entry of an Order converting this case to a case under Chapter 7 of the Bankruptcy Code, (c) the termination, lapse, expiration or reduction of insurance coverage on Lien Creditors' collateral for any reason, or (d) the appointment of a trustee in this case.

7.     Nothing contained in this Order shall constitute a determination as to the amount, validity or priority of any pre-petition obligation, security interest or lien and all rights or parties in interest to claim that any pre-petition lien or security interest in Debtors' property is unperfected, unenforceable, invalid or voidable, are reserved.  Additionally, nothing in this Order shall constitute an admission or acknowledgment by Debtors that any party has a valid or perfected lien in the cash of Debtors now existing or subsequently

**PROPOSED** FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL, CONTINUED USE OF EXISTING LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34517-dwh11    Doc 58    Filed 12/23/19

received, and the references herein to "Cash Collateral" is without prejudice to all rights, defenses and claims of Debtors to contend that any party does not have a perfected lien or security interest in such cash.

8. The provisions hereof and the effect of any actions taken hereunder shall survive issuance and entry of any order: (a) confirming any plan of reorganization or liquidation; (b) appointing a trustee or examiner for the Debtors; (c) converting Debtors' cases to one under Chapter 7 of the Code; or (d) dismissing Debtors' cases. The priorities, liens and security interests granted herein shall continue in these or any superseding cases under the Code, and any such liens and security interests shall maintain their priority as provided herein until satisfied and discharged subject to the Code.

9. In the event any or all of the provisions of this Order are hereafter modified, amended or vacated by a subsequent order of this or any other court, no such modification, amendment or vacation shall affect the validity and enforceability of any lien or priority authorized or created hereby. Notwithstanding any such modification, amendment or vacation, any claim granted hereunder arising prior to the effective date of such modification, amendment or vacation shall be governed in all respects by the original provisions of this Order.

10. This Order does not grant authority to the Debtors to pay any pre-petition obligation, expense, or debt or to pay any administrative expense claims under Section 503(b)(9). Debtors may only pay such administrative expense claims upon further order of this Court after the filing of an appropriate motion and notice of the same.

11. This Order contains a provision allowing Crestmark a priming lien under §364(c) in consideration for post-petition advances under its Line of Credit with the Debtors.

**PROPOSED** FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL, CONTINUED USE OF EXISTING LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Aside from such provision, this Order does not contain any of the "disfavored provisions" listed in LBF #541.5.

###

PRESENTED BY:

VANDEN BOS & CHAPMAN, LLP

**First Class Mail:**

See Attached List. (The original Service List is attached to the original copy filed with the Court only.  Creditors may request a copy of the Service List by contacting the undersigned.)

By:/s/Douglas R. Ricks
    Douglas R. Ricks, OSB #044026
    Of Attorneys for Debtors-in-Possession

**LBR 9021-1 CERTIFICATION**
I certify that I have complied with the requirement of LBR 9021-1(a); Order was attached to Motion.

**Electronic Mail:**

The foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system

By:/s/Douglas R. Ricks
    Douglas R. Ricks, OSB #044026

Page 10 of 10  **PROPOSED** FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL, CONTINUED USE OF EXISTING LINE OF CREDIT, AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**EX B - Pg 10 of 22**

Case 19-34517-dwh11   Doc 58   Filed 12/23/19

PPV, Inc.
Bravo Environmental NW, Inc.
Cash Collateral Budget

| PPV & Bravo Consolidated | Five Week forecast from 12/9/2019 to 1/10/2020 | | | | | Interim Authority | Remaining Part of | Five month Forecast from 1/13/2020 to 5/31/2020 | | | | Final Authority |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | | | | | | | |
| | Week ending December | Week ending December | Week ending December | Week ending January | Week ending January | | | Month of February | Month of March | Month of April | Month of May | |
| | 13th | 20th | 27th | 3rd | 10th | Total | January | 2020 | 2020 | 2020 | 2020 | Total |
| **Beginning Cash Balance** | 67,178 | 154,798 | 189,799 | 243,625 | 228,760 | | 238,882 | 149,641 | 25,437 | 202,215 | 304,172 | 1,567,415 |
| | | | | | | | | | | | | |
| **Income** | | | | | | | | | | | | |
| Vacuum Service Income | 116,591 | 102,017 | 72,869 | 143,212 | 125,311 | 560,001 | 89,508 | 229,026 | 418,962 | 396,861 | 433,058 | 1,567,415 |
| CCTV Income | 9,450 | 8,269 | 5,906 | 13,723 | 12,008 | 49,356 | 8,577 | 19,050 | 42,235 | 28,674 | 27,618 | 126,154 |
| CCTV Lateral Insp. Income | 2,348 | 2,055 | 1,468 | 21 | 18 | 5,910 | 13 | - | - | 263 | 105 | 381 |
| Transportation Income | 7,788 | 6,815 | 4,868 | 19,822 | 17,345 | 56,637 | 12,389 | 21,807 | 34,578 | 38,848 | 28,204 | 135,826 |
| Tanker Income | 17,659 | 15,452 | 11,037 | 16,085 | 14,074 | 74,307 | 10,053 | 35,644 | 42,666 | 51,608 | 36,946 | 176,916 |
| Hook Truck Income | 2,072 | 1,813 | 1,295 | 617 | 540 | 6,337 | 386 | 1,724 | 5,457 | 5,449 | 6,072 | 19,088 |
| Fuel Surcharge Income | 2,138 | 1,871 | 1,336 | - | - | 5,346 | - | 1,974 | (17) | - | (26) | 1,931 |
| Industrial Waste Water Income | 76,909 | 67,295 | 48,068 | 102,099 | 89,336 | 383,708 | 63,812 | 223,251 | 269,363 | 309,227 | 281,210 | 1,146,863 |
| Chemical Toilet Income | 1,582 | 1,384 | 989 | - | - | 3,955 | - | - | - | - | - | 3,835 |
| Septic Income | 1,625 | 1,422 | 1,016 | 1,525 | 1,415 | 7,004 | 1,600 | 1,800 | 2,841 | 7,879 | 9,610 | 23,729 |
| Industrial Sludge/Solids Incom | 23,318 | 20,403 | 14,574 | 30,970 | 27,099 | 116,365 | 19,357 | 83,027 | 122,687 | 125,840 | 79,583 | 430,494 |
| Industrial Coolant Income | 2,494 | 2,182 | 1,558 | 5,642 | 4,937 | 16,812 | 3,526 | 12,687 | 14,083 | 3,969 | 8,884 | 43,149 |
| Project Management Income | 659 | 576 | 412 | 499 | 436 | 2,582 | 312 | 200 | 3,718 | 100 | 1,421 | 5,751 |
| Labor Income | 6,632 | 5,803 | 4,145 | 15,863 | 13,880 | 46,324 | 9,914 | 22,930 | 31,384 | 29,504 | 27,828 | 121,560 |
| Labor - OT Revenue | 6,038 | 5,283 | 3,774 | 5,686 | 4,975 | 25,756 | 3,554 | 6,745 | 20,536 | 15,989 | 23,510 | 70,333 |
| Other Plant Income | 25 | 22 | 15 | 40 | 35 | 136 | 25 | - | 55 | 68 | 89 | 247 |
| Utility Locate/Monitor | 5,155 | 4,510 | 3,222 | 3,849 | 3,368 | 20,104 | 2,406 | 3,707 | 11,264 | 7,246 | 11,062 | 35,684 |
| InfraMarker Income | - | - | - | 42 | 37 | 79 | 26 | - | 1,969 | - | - | 1,995 |
| Disposal Income | 24,117 | 21,103 | 15,073 | 18,239 | 15,959 | 94,492 | 11,400 | 23,033 | 49,902 | 52,494 | 55,868 | 192,696 |
| Material Income | 2,427 | 2,124 | 1,517 | 3,255 | 2,849 | 12,172 | 2,035 | 4,760 | 10,745 | 9,753 | 8,820 | 36,113 |
| Sub Contractor Income | 1,690 | 1,479 | 1,056 | 2,502 | 2,189 | 8,917 | 1,564 | 803 | 12,166 | 47 | 9,403 | 23,983 |
| Bravo Owned Rental Income | 1,919 | 1,679 | 1,200 | 4,290 | 3,754 | 12,841 | 2,681 | 3,302 | 16,480 | 4,741 | 6,431 | 33,635 |
| Rental Equipment Income | - | - | - | 4,557 | 3,987 | 8,544 | 2,848 | 9,765 | 6,459 | 2,980 | 5,724 | 27,775 |
| Professional Services | - | - | - | - | - | - | - | - | 378 | - | 1,911 | 2,289 |
| Customer Discounts | (20) | (17) | (12) | (215) | (188) | (453) | (135) | (331) | (718) | (16,754) | (122) | (18,059) |
| **Cash Receipts** | 312,617 | 273,540 | 195,386 | 392,323 | 343,363 | 1,517,230 | 245,849 | 704,912 | 1,117,192 | 1,074,785 | 1,067,042 | 4,209,781 |
| | | | | | | | | | | | | |
| **Direct Job Expenses** | | | | | | | | | | | | |
| Labor-Regular Time | 24,638 | 21,558 | 15,399 | 36,020 | 31,518 | 129,134 | 22,513 | 58,478 | 84,284 | 91,227 | 101,442 | 357,944 |
| Labor-Overtime | 8,021 | 7,019 | 5,013 | 8,719 | 7,629 | 36,401 | 5,449 | 12,318 | 24,030 | 30,501 | 35,711 | 108,008 |
| Plant Labor-Regular | 5,984 | 5,236 | 3,740 | 9,561 | 8,366 | 32,888 | 5,976 | 21,963 | 21,889 | 23,021 | 25,004 | 97,852 |
| Plant Labor-OT | 1,428 | 1,250 | 893 | 2,257 | 1,975 | 7,804 | 1,411 | 7,208 | 5,272 | 7,658 | 5,162 | 26,712 |
| Tanker Labor-Regular | 5,284 | 4,623 | 3,302 | 5,957 | 5,212 | 24,378 | 3,723 | 9,642 | 12,382 | 13,445 | 15,057 | 54,248 |
| Tanker Labor-Overtime | 762 | 667 | 476 | 273 | 239 | 2,416 | 170 | 1,804 | 3,277 | 1,793 | 2,127 | 9,171 |
| Labor-Payroll Taxes | 5,081 | 4,446 | 3,176 | 6,029 | 5,276 | 24,007 | 3,768 | 13,180 | 20,886 | 17,758 | 26,600 | 82,193 |
| Labor-Employee Benefits | 2,346 | 2,053 | 1,466 | 2,260 | 1,978 | 10,102 | 1,413 | 4,282 | 9,987 | 8,368 | 15,819 | 39,869 |
| Truck Operation-Fuel | 10,662 | 9,329 | 6,664 | 13,938 | 12,196 | 52,789 | 8,711 | 26,216 | 40,280 | 39,442 | 46,159 | 160,809 |
| Truck Operation-Oil & Filters | 1,155 | 1,011 | 722 | 1,286 | 1,125 | 5,300 | 804 | 2,083 | 3,850 | 4,318 | 4,211 | 15,265 |
| Truck R & M - Vactor Chassis | 1,569 | 1,373 | 980 | 2,703 | 2,365 | 8,990 | 1,689 | 2,946 | 4,369 | 7,043 | 6,418 | 22,465 |

PPV, Inc.
Bravo Environmental NW, Inc.
Cash Collateral Budget

| PPV & Bravo Consolidated | Five Week forecast from 12/9/2019 to 1/10/2020 | | | | | Interim Authority | Remaining Part of January | Five month Forecast from 1/13/2020 to 5/31/2020 | | | | Final Authority |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1 Week ending December 13th | 2 Week ending December 20th | 3 Week ending December 27th | 4 Week ending January 3rd | 5 Week ending January 10th | Interim Authority Total | Remaining Part of January | Month of February 2020 | Month of March 2020 | Month of April 2020 | Month of May 2020 | Final Authority Total |
| Truck R & M - Vactor Parts | 918 | 803 | 574 | 5,906 | 5,168 | 13,369 | 3,691 | 1,390 | 2,483 | 9,198 | 7,533 | 24,296 |
| Truck R & M - Tankers & Sup | 4,233 | 3,704 | 2,645 | 1,781 | 1,558 | 13,920 | 1,113 | 3,800 | 3,983 | 3,830 | 4,219 | 16,945 |
| Truck R & M - CCTV Van Repair | 20 | 18 | 13 | 3 | 2 | 56 | 1 | - | - | - | 174 | 175 |
| Truck R & M - CCTV Equipment | 873 | 764 | 545 | 106 | 93 | 2,381 | 67 | 2,654 | 107 | - | 243 | 3,071 |
| Truck R & M - Tires | 1,819 | 1,592 | 1,137 | 633 | 554 | 5,735 | 396 | 483 | 7,244 | 3,243 | 154 | 11,520 |
| Truck R & M - Fleet Tracking | 678 | 594 | 424 | 1,074 | 940 | 3,710 | 671 | 2,685 | 2,685 | 2,685 | 2,685 | 11,413 |
| Truck R & M - Labor-Mechanics | 3,839 | 3,359 | 2,399 | 3,413 | 2,986 | 15,995 | 2,133 | 8,053 | 11,310 | 11,818 | 11,958 | 45,272 |
| Truck R & M - OT Labor-Mech. | 1,132 | 990 | 707 | 1,112 | 973 | 4,915 | 695 | 1,784 | 2,795 | 4,502 | 3,544 | 13,321 |
| Equipment Repair & Parts | 1,458 | 1,276 | 912 | 2,850 | 2,494 | 8,991 | 1,782 | 4,615 | 13,823 | 3,417 | 4,161 | 27,798 |
| Truck License & Permits | 2,780 | 2,433 | 1,738 | 2,324 | 2,034 | 11,309 | 1,453 | 4,727 | 5,513 | 5,839 | 5,089 | 22,620 |
| Disposal Fees | - | 34,600 | 8,000 | 34,380 | 8,000 | 84,980 | 8,025 | 28,902 | 54,152 | 55,289 | 55,296 | 201,664 |
| Sub Contractor Expense | - | - | - | 908 | 794 | 1,702 | 567 | 1,278 | - | - | - | 1,846 |
| Equipment Rental Expense | 2,960 | 2,590 | 1,850 | 33,001 | 28,876 | 69,276 | 20,625 | 27,619 | 24,429 | 25,327 | 26,244 | 124,245 |
| Utilities-Natural Gas | 8 | 5 | 5 | 209 | 183 | 411 | 131 | 463 | 457 | 247 | 247 | 1,576 |
| Utilities-Electricity | 2,387 | 2,089 | 1,492 | 4,422 | 3,869 | 14,260 | 2,764 | 10,444 | 10,422 | 9,663 | 9,705 | 42,997 |
| Utilities-Water & Sewer | 9,618 | 8,416 | 6,011 | 15,846 | 13,865 | 53,756 | 9,904 | 45,228 | 37,756 | 44,919 | 37,263 | 175,070 |
| Shop Supplies | 294 | 258 | 184 | 326 | 285 | 1,347 | 204 | 1,502 | 2,337 | 888 | 1,104 | 6,034 |
| Truck Accidents & Tickets | - | - | - | - | - | - | - | 1,327 | 41 | - | - | 1,369 |
| Material Costs | 712 | 623 | 445 | 1,313 | 1,149 | 4,242 | 821 | (890) | 5,787 | 4,024 | 4,331 | 14,072 |
| InfraMarker Supplies & Expense | - | - | - | 680 | 595 | 1,275 | 425 | 850 | 850 | 850 | - | 2,975 |
| Field Consumables | 616 | 539 | 385 | 772 | 675 | 2,988 | 482 | 3,828 | 2,278 | 2,412 | 2,606 | 11,606 |
| Locating Supplies & Expense | - | - | - | - | - | - | - | - | 30 | - | 170 | 201 |
| Small Tools & Equipment | 148 | 130 | 93 | 58 | 50 | 478 | 36 | 1,707 | 383 | 2,221 | 1,187 | 5,534 |
| Sample Testing | 882 | 772 | 551 | 2,143 | 1,875 | 6,224 | 1,340 | 778 | 1,074 | 243 | 3,776 | 7,211 |
| Lab Supplies | 144 | 126 | 90 | 34 | 30 | 426 | 21 | 121 | 5 | 1,035 | 94 | 1,275 |
| Water Fees | 233 | 204 | 146 | 336 | 294 | 1,213 | 210 | 663 | 1,230 | 970 | 1,022 | 4,095 |
| Safety - Employees PPE | 579 | 506 | 362 | 1,410 | 1,234 | 4,091 | 881 | 1,126 | 1,749 | 1,471 | 2,213 | 7,439 |
| Safety - Traffic Field | 764 | 668 | 477 | 2,789 | 2,440 | 7,138 | 1,743 | 109 | 9,953 | 2,062 | 2,896 | 16,763 |
| Safety - OSHA/Drug Testing/MVR | 99 | 86 | 62 | 413 | 362 | 1,022 | 258 | 945 | 441 | 372 | 715 | 2,731 |
| Uniform Rental | 246 | 216 | 154 | 313 | 274 | 1,203 | 196 | 855 | 794 | 1,074 | 758 | 3,676 |
| Filing Fees & Permits | 921 | 805 | 575 | 1,228 | 1,075 | 4,604 | 768 | 5,334 | 2,992 | 4,825 | 7,643 | 21,562 |
| Chemicals | 9,545 | 8,352 | 5,966 | 12,000 | 10,500 | 46,364 | 7,500 | 25,000 | 20,000 | 15,000 | 15,000 | 82,500 |
| Printing Forms | - | - | 379 | 332 | - | 711 | 237 | 581 | - | - | - | 818 |
| **Subtotal Direct Job Expenses** | **128,578** | **112,506** | **80,361** | **206,950** | **181,081** | **722,300** | **124,767** | **344,896** | **460,754** | **462,071** | **495,739** | **1,888,227** |
| | | | | | | | | | | | | |
| **Gross Profit** | **184,039** | **161,034** | **115,024** | **185,373** | **162,282** | **794,929** | **121,082** | **360,017** | **656,439** | **612,714** | **571,303** | **2,321,554** |
| | | | | | | | | | | | | |
| **G & A Expenses** | | | | | | | | | | | | |
| Management Salary | 9,918 | 8,678 | 6,199 | 13,671 | 11,962 | 50,429 | 8,544 | 36,382 | 38,507 | 43,097 | 41,767 | 168,298 |
| Office Hourly Wages-Regular | 7,639 | 6,684 | 4,774 | 15,184 | 13,286 | 47,567 | 9,490 | 34,578 | 36,947 | 38,018 | 36,832 | 155,865 |
| Office Hourly Wages-Overtime | 288 | 252 | 180 | 780 | 683 | 2,182 | 488 | 867 | 3,243 | 2,784 | 1,848 | 9,230 |

PPV, Inc.
Bravo Environmental NW, Inc.
Cash Collateral Budget

| PPV & Bravo Consolidated | Five Week forecast from 12/9/2019 to 1/10/2020 | | | | | Interim Authority | Remaining Part of | Five month Forecast from 1/13/2020 to 5/31/2020 | | | | Final Authority |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | | | | | | | |
| | Week ending December 13th | Week ending December 20th | Week ending December 27th | Week ending January 3rd | Week ending January 10th | Total | January | Month of February 2020 | Month of March 2020 | Month of April 2020 | Month of May 2020 | Total |
| Indirect Labor-Pre & Post Trip | 1,682 | 1,471 | 1,051 | 2,655 | 2,323 | 9,182 | 1,659 | 4,294 | 5,852 | 6,645 | 7,531 | 25,980 |
| Sales Salary | 8,351 | 7,307 | 5,219 | 11,599 | 10,149 | 42,625 | 7,249 | 27,362 | 26,337 | 28,260 | 28,848 | 118,057 |
| Sales Commission | 1,759 | 1,539 | 1,099 | 5,817 | 5,090 | 15,304 | 3,636 | 9,671 | 10,183 | 13,770 | 11,858 | 49,118 |
| Payroll Taxes | 4,131 | 3,615 | 2,582 | 7,605 | 6,655 | 24,588 | 4,753 | 19,739 | 17,810 | 17,449 | 18,261 | 78,013 |
| Workers Comp Insurance | 702 | 615 | 439 | 900 | 787 | 3,442 | 562 | 1,294 | 1,837 | 2,136 | 183 | 6,012 |
| Union Dues | 1,977 | 1,730 | 1,235 | 1,322 | 1,157 | 7,420 | 826 | 4,755 | 8,875 | 7,459 | 10,197 | 32,112 |
| Medical & Dental Insurance | 9,653 | 8,446 | 6,033 | 13,850 | 12,119 | 50,100 | 8,656 | 34,670 | 35,676 | 34,673 | 34,628 | 148,303 |
| Vacation & Holiday | 4,343 | 3,800 | 2,715 | 7,673 | 6,714 | 25,245 | 4,796 | 23,354 | 8,714 | 10,887 | 22,076 | 69,827 |
| Sick Leave | 138 | 120 | 86 | 435 | 380 | 1,159 | 272 | 2,276 | 1,225 | 1,300 | 487 | 5,560 |
| 401k Matching Contribution | 838 | 734 | 524 | 1,553 | 1,359 | 5,007 | 970 | 4,033 | 5,606 | 2,844 | 2,775 | 16,228 |
| Training & Development | 239 | 209 | 149 | 56 | 49 | 702 | 35 | 111 | 86 | 573 | 267 | 1,072 |
| Training Wages | 162 | 141 | 101 | 462 | 404 | 1,270 | 289 | 418 | 918 | 9,142 | 4,052 | 14,819 |
| Life Insurance | 45 | 39 | 28 | 72 | 63 | 248 | 45 | 181 | 181 | 181 | 181 | 768 |
| Employee Goodwill | 52 | 45 | 32 | 108 | 95 | 333 | 68 | 349 | 146 | 173 | 36 | 772 |
| Auto Expense | 1,663 | 1,455 | 1,039 | 3,977 | 3,479 | 11,613 | 2,485 | 9,914 | 10,460 | 8,201 | 11,114 | 42,174 |
| Advertising - General | 167 | 146 | 104 | 62 | 54 | 532 | 39 | 246 | 638 | 103 | 204 | 1,230 |
| Advertising - Printed Material | 95 | 83 | 59 | 152 | 133 | 522 | 95 | - | 59 | - | - | 153 |
| Advertising - Promotional Item | 55 | 48 | 34 | - | - | 136 | - | - | - | - | - | - |
| Advertising - Shows & Conf. | 136 | 119 | 85 | 79 | 69 | 490 | 50 | 1,953 | (199) | - | - | 1,804 |
| Advertising - Customer Meals | 162 | 142 | 101 | 51 | 44 | 500 | 32 | 173 | 324 | 436 | 496 | 1,462 |
| Advertising-Marketing Expense | 264 | 231 | 165 | 274 | 240 | 1,173 | 171 | 515 | 639 | 637 | 477 | 2,439 |
| Office Temp & Part Time | - | - | - | - | - | - | - | - | - | - | - | - |
| Office Supplies | 238 | 208 | 149 | 791 | 692 | 2,079 | 495 | 400 | 685 | 428 | 594 | 2,602 |
| Computer Exp-R & M | 192 | 168 | 120 | 486 | 426 | 1,392 | 304 | 852 | 662 | 802 | 802 | 3,423 |
| Computer Exp-Software | 82 | 72 | 51 | 426 | 373 | 1,003 | 266 | 278 | 304 | 3,154 | 304 | 4,306 |
| Computer Exp-Website Expense | 70 | 61 | 43 | 60 | 53 | 287 | 38 | 401 | 308 | 85 | 85 | 917 |
| Office Equipment Leasing | 2,153 | 1,884 | 1,346 | 3,175 | 2,778 | 11,335 | 1,984 | 8,418 | 8,728 | 5,726 | 6,912 | 31,769 |
| Printing & Copies | - | - | - | - | - | - | - | 1,839 | - | - | 1,487 | 3,327 |
| Postage & Shipping | 128 | 112 | 80 | 201 | 176 | 697 | 126 | 112 | 111 | 567 | 9 | 926 |
| Water & Coffee | 213 | 186 | 133 | 378 | 331 | 1,241 | 236 | 445 | 434 | 457 | 958 | 2,530 |
| Dues & Subscriptions | 242 | 211 | 151 | 450 | 394 | 1,447 | 281 | 1,095 | 1,185 | 1,585 | 1,256 | 5,402 |
| Professional - Accounting | - | - | - | - | - | - | - | - | - | - | - | - |
| Professional - Administrative | 1,522 | 1,332 | 951 | 11 | 10 | 3,826 | 7 | 1,009 | 28 | 28 | 28 | 1,099 |
| Professional - Consulting | 4,773 | 4,176 | 2,983 | 7,000 | 6,125 | 25,057 | 4,375 | 17,500 | 17,500 | 17,500 | 17,500 | 74,375 |
| Professional - Legal | - | - | - | - | - | - | 20,000 | 20,000 | 20,000 | 15,000 | 15,000 | 90,000 |
| Professional - Payroll Service | 190 | 167 | 119 | 270 | 236 | 983 | 169 | 477 | 715 | 465 | 455 | 2,280 |
| Telephone-Land Line Service | 54 | 47 | 34 | 546 | 477 | 1,158 | 341 | 475 | 475 | 474 | 477 | 2,241 |
| Telephone - Cell Phones | 745 | 651 | 465 | 685 | 600 | 3,147 | 428 | 3,136 | 2,060 | 2,638 | 1,405 | 9,667 |
| Telephone-Data & Internet | 153 | 134 | 96 | 347 | 303 | 1,033 | 217 | 1,958 | 1,900 | 1,909 | 1,934 | 7,917 |
| Telephone-Answering Service | 73 | 64 | 46 | 106 | 92 | 380 | 66 | 258 | 262 | 250 | 256 | 1,092 |
| Taxes-B & O & Licenses | 632 | 553 | 395 | 4,632 | 4,053 | 10,265 | 2,895 | 5,849 | 8,365 | 6,604 | 6,859 | 30,572 |
| Taxes-Property | 3,571 | 3,124 | 2,232 | 5,373 | 4,701 | 19,002 | 3,358 | 15,858 | 14,645 | 11,856 | 14,515 | 60,232 |

EX B - Pg 13 of 22
EXHIBIT 1 -Page 3 of 4

PPV, Inc.
Bravo Environmental NW, Inc.
Cash Collateral Budget

| PPV & Bravo Consolidated | Five Week forecast from 12/9/2019 to 1/10/2020 | | | | | | Five month Forecast from 1/13/2020 to 5/31/2020 | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | 1 | 2 | 3 | 4 | 5 | Interim | Remaining | Month of | Month of | Month of | Month of | Final |
| | Week ending | Week ending | Week ending | Week ending | Week ending | Authority | Part of | February | March | April | May | Authority |
| | December | December | December | January | January | Total | January | 2020 | 2020 | 2020 | 2020 | Total |
| | 13th | 20th | 27th | 3rd | 10th | | | | | | | |
| Rent Expense | 11,180 | 9,782 | 6,987 | 16,453 | 14,397 | 58,799 | 10,283 | 41,133 | 41,133 | 41,133 | 41,133 | 174,815 |
| Building Repairs & Maintenance | 490 | 429 | 306 | 2,304 | 2,016 | 5,545 | 1,440 | 2,164 | 2,404 | 602 | 1,194 | 7,804 |
| Janitorial Service & Supplies | 777 | 680 | 486 | 1,031 | 902 | 3,876 | 644 | 2,630 | 2,348 | 2,786 | 2,746 | 11,154 |
| Security Expense | - | - | - | 241 | 211 | 452 | 151 | 338 | 76 | 636 | - | 1,201 |
| Insurance-General Liability | 8,543 | 7,475 | 5,339 | 12,705 | 11,117 | 45,180 | 7,941 | 32,735 | 34,095 | 34,095 | 32,076 | 140,942 |
| Insurance-Bonds | - | - | - | 54 | 48 | 102 | 34 | - | 182 | 175 | 669 | 1,060 |
| T & E - Meals & Entertainment | 491 | 430 | 307 | 528 | 462 | 2,219 | 330 | 693 | 1,297 | 1,632 | 1,879 | 5,831 |
| T & E - Per Diem Paid | 86 | 75 | 54 | 162 | 141 | 518 | 101 | 404 | 202 | - | - | 707 |
| T & E - Lodging | 109 | 95 | 68 | 1,255 | 1,098 | 2,626 | 784 | 982 | 566 | 100 | 734 | 3,167 |
| T & E - Airfare & Rental Car | 27 | 24 | 17 | 838 | 733 | 1,639 | 524 | 287 | 100 | 100 | 1,798 | 2,809 |
| Bank Charges-Services & Wires | 207 | 181 | 129 | 477 | 418 | 1,413 | 298 | 726 | 663 | 1,134 | 5,632 | 8,453 |
| Bank Charges-Merchant fees | 970 | 849 | 606 | 4,162 | 3,642 | 10,228 | 2,601 | 4,310 | 4,305 | 4,281 | 7,752 | 23,250 |
| MetaBank - LOC Interest | 1,553 | 1,359 | 971 | 2,899 | 2,537 | 9,319 | 1,812 | 7,613 | 7,152 | 6,842 | 7,760 | 31,178 |
| MetaBank - Equipment Finance | - | 41,354 | - | 41,354 | - | 82,708 | 82,708 | 82,708 | 82,708 | 82,708 | 82,708 | 413,540 |
| Miscellaneous | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 12,500 | 5,000 | 10,000 | 10,000 | 10,000 | 10,000 | 45,000 |
| UST Fees | - | - | - | - | - | - | 4,875 | - | - | 26,239 | - | 31,114 |
| Subtotal G & A Expenses | 96,419 | 126,033 | 61,199 | 200,238 | 139,336 | 623,225 | 210,323 | 484,221 | 479,660 | 510,758 | 501,037 | 2,185,999 |
| Total Expenses | 224,997 | 238,539 | 141,561 | 407,188 | 320,417 | 1,345,525 | 335,090 | 829,117 | 940,414 | 972,829 | 996,776 | 4,074,226 |
| Income from Operations | 87,620 | 35,001 | 53,825 | (14,865) | 22,946 | 171,704 | (89,241) | (124,204) | 176,778 | 101,956 | 70,266 | 135,556 |
| Available Cash | 154,798 | 189,799 | 243,625 | 228,760 | 251,706 | 238,882 | 149,641 | 25,437 | 202,215 | 304,172 | 374,438 | 374,438 |

# APPENDIX A

PPV, Inc. and Bravo Environmental NW, Inc. (collectively the "Debtors"; each a "Debtor"), having contacted Crestmark, a division of MetaBank, as successor to Crestmark Bank, and Crestmark Equipment Finance, a division of MetaBank, as successor to Crestmark Equipment Finance, Inc. (collectively "Crestmark" or the "Bank"), regarding an immediate need for funding and to use cash collateral to continue operations during its chapter 11 bankruptcy proceedings; the Bank having agreed to provide the necessary funding and the use of its cash collateral upon the conditions set forth below; and the Debtors and the Bank having stipulated and agreed as follows:

## RECITALS

A.    On December 10, 2019 (the "Petition Date"), each Debtor filed a petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Code").  The bankruptcy cases of the Debtors are to be jointly administered but not substantively consolidated. Since that time, each Debtor has remained in possession of its assets and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107 and 1108 of the Code.

B.    Debtors filed a Motion For Order Authorizing Use of Cash Collateral of Debtors-in-Possession, Continued Use of Existing Line of Credit, and Granting Adequate Protection (the "Motion").

C.    Bank previously entered into financing arrangements with the Debtors and Guarantor (as hereinafter defined) pursuant to, among others, the following documents (collectively the "Pre-Petition Loan Documents"):

### Line of Credit Loan

1.    A Promissory Note dated July 27, 2017, in the stated principal amount of $2,000,000.00 (the "Note");

2.    A Loan and Security Agreement and Schedule each dated July 27, 2017, as amended by Amendment No. 1 to Schedule to Loan and Security Agreement dated November 3, 2017 (collectively the "Loan Agreement");

3.    The Personal Guaranties each dated July 27, 2017 (collectively the "Line of Credit Guaranty") from Joseph J. Thuney and James F. Thuney (collectively the "Guarantor");

4.    A UCC-1 Financing Statements covering all assets of each Debtor was recorded on June 27, 2017 with the Oregon Secretary of State, File no. 91235137; and

5.    A UCC-1 Financing Statements covering all assets of each Debtor was recorded on June 27, 2017 with the Washington Secretary of State, File no. 201717810580.

## Equipment Loan

6.      Equipment Finance Agreement No. 170420-000 dated July 11, 2017 by and between CEF and Debtors, as amended by Amendment No. 1 dated August 15, 2017 (the "Equipment Finance Agreement");

7.      The Guaranties each dated July 17, 2017 (collectively with the Line of Credit Guaranty, the "Guaranty") from Guarantor;

8.      A UCC-1 Financing Statement covering all assets of each Debtor was recorded on August 25, 2017 with the Oregon Secretary of State, File no. 91301409;

9.      A UCC-1 Financing Statement covering all assets of each Debtor was recorded on August 18, 2017 with the Washington Secretary of State, File no. 201723045655;

10.     CEF is named as lienholder on the certificate of title for each vehicle subject to the Equipment Finance Agreement.

D.      All capitalized terms not defined herein shall have the meaning given to such terms in the Pre-Petition Loan Documents.

E.      As of December 4, 2019, Bank asserts that the Debtor was indebted to the Bank under the Line of Credit Loan in the principal amount of $1,103,338, and there remained to be paid 34 payments (each a "Finance Payment") each in the amount of $82,708.01 under the Equipment Loan, plus interest, fees and costs allowed under the Pre-Petition Loan Documents (the "Pre-Petition Indebtedness").

F.      To continue the operation of its business during the chapter 11 reorganization process, each Debtor represents that it must use cash collateral and obtain secured financing from the Bank to pay post-petition obligations incurred by each Debtor in the ordinary course of its business.

G.      Debtors desire that the Bank continue its existing Line of Credit Loan under the terms of the Pre-Petition Loan Documents, to enable the Debtors to continue to operate pursuant to the terms and conditions described in this Order.

H.      Each Debtor urgently requires financing under section 364 of the Code to fund daily operations.  Each Debtor's inability to fund daily operations could result in a long-term negative impact on the value of each Debtor to the prejudice and detriment of each Debtor and its creditors, customers and employees.

I.      Each Debtor represents that it is presently unable to obtain, in the ordinary course of business or otherwise, unsecured credit allowable under section 503(b)(1) of the Code as an administrative expense, unsecured credit allowable under section 364(a) or (b) of the Code or secured credit under section 364(c) of the Code, other than credit from the Bank as provided in this Order pursuant to Section 364(d) of the Code.

J.      The terms of this Order and the financing contemplated herein have been negotiated at arms-length with all parties represented by experienced counsel, are fair and reasonable under the circumstances, are for reasonably equivalent value and fair consideration, and are in good faith as that term is used in section 364(e) of the Code. Accordingly, the Bank, in making advances pursuant to this Order, is entitled to the protection subscribed in section 364(e) of the Code.

NOW, THEREFORE, the following terms and conditions are hereby agreed by the Debtors and the Bank and shall be incorporated into any order on the Motion.

## SECTION 1: PRE-PETITION LOAN DOCUMENTS

1.1     Subject to the rights of any party in interest as set forth in paragraph 12 of the Order, the Pre-Petition Loan Documents are incorporated herein by reference and shall be construed and considered as post-petition agreements between Debtors and Bank under this Order (except to the extent inconsistent herewith or modified hereby).  The Bank shall continue to have dominion over all funds and Debtors have no authority to use cash collateral and receipts generated in its business operations except as provided in this Order.

1.2     Each Debtor is hereby authorized to use cash collateral and to borrow money and seek other financial accommodations from Bank and is ordered to perform its obligations hereunder in accordance with the terms hereof.  All loans and obligations incurred on or after the Petition Date by Debtor to Bank are referred to as the "DIP Indebtedness" and, together with the Pre-Petition Indebtedness, as the "Indebtedness". All loans advanced after the Petition Date will be deemed to be additional loans under the Pre-Petition Loan Documents, subject to the rights and priorities provided herein, and will be advanced by Bank to Debtors and be guaranteed by Guarantor, as provided in the Pre-Petition Loan Documents. Bank shall not be required to provide any financing to Debtors unless and until each Guarantor ratifies and reaffirms the Guaranty in favor of the Bank by executing this Order where indicated below.

## SECTION 2: LOAN AUTHORIZATIONS

2.1     Debtors are hereby authorized to use cash collateral and to borrow from the Bank pursuant to the terms and conditions of the Pre-Petition Loan Documents, which include the following Advance Formula found in paragraph 2. of the Schedule (the "Funding"):

LOAN; LOAN ADVANCES UNDER LINE OF CREDIT.

Advance Formula: Advances of the Line of Credit Loan may be measured against a percentage of the Debtors' Eligible Accounts.

The Loan Amount may not exceed an amount which is the lesser of:

(a)     Two Million Dollars ($2,000,000.00) ("Maximum Amount"); or

(b)     Eighty-five percent (85%) of Eligible Accounts.

2.2.     All proceeds and collections of the Pre-Petition Collateral and the DIP Collateral (as hereinafter defined), including the proceeds and collections of the receivables pledged to Bank under the Interim Order, must be forwarded to the Lockbox Account at Bank.  Bank is hereby authorized to notify all Account Debtors, and all Account Debtors are directed to make, all payments to the Lockbox Account.  In addition, all of the Debtors' invoices must be marked to show that the payments must be made to the Bank at the Lockbox Account.

The proceeds of each Account (including those with respect to the Interim Order) that Bank collects will be applied as follows:

(a)     first, to Bank in an amount equal to the Advance on that Account whether such Advance occurred prior to or after the Petition Date.  Without limiting the foregoing, Advances on Pre-Petition Date Accounts will be paid from the proceeds of Pre-Petition Date Accounts and will not be paid with the proceeds of Post-Petition Date Accounts;

(b)     then to Bank in an amount equal to unpaid interest;

(c)     then to Bank to pay any expenses, approved by the Court, Debtors owe to Bank; and

(d)     last, unless Bank elects to withhold all or part of the funds in a reserve for repayment of questionable Accounts or unless there is a default hereunder, to Debtors.

2.3.     Provided that each Debtor complies with the requirements of Pre-Petition Loan Documents and that the Indebtedness does not exceed the Advance Formula, the Bank shall make Advances to the Debtors.

2.4     All other terms and conditions of the Pre-Petition Loan Document shall remain effective.

## SECTION 3: ADEQUATE PROTECTION

3.1     To secure the DIP Indebtedness and as adequate protection for and to protect the Bank against any diminution in the value of the Pre-Petition Collateral including but not limited to diminution in value of the Debtors' equipment and accounts:

(a)     The Bank is hereby granted, pursuant to sections 364(c)(2) and 364(c)(3) of the Code, a first lien on the Debtor's accounts and equipment, and a lien on all of the Debtors' other personal property of any kind and nature whatsoever subject to any valid senior liens on other personal property, whether now owned or hereafter acquired by each Debtor, and all proceeds, rents or profits thereof, including all of the Pre-Petition Collateral (collectively, the "DIP Collateral").  Any pre-petition security interest or lien on the Pre-Petition Collateral which is avoided or otherwise preserved for the benefit of Debtor's estate under section 551 or any other provisions of the Code shall be subordinate to the security interests in favor of Bank on the DIP Collateral.  Notwithstanding anything contained herein to the contrary, this Order does not afford Bank a security interest in any chapter 5 causes of action; and

(b)      Debtors shall timely make each Finance Payment to Bank when due under the Equipment Finance Agreement.

3.2      All liens and security interests in the DIP Collateral granted to Bank by this Order are deemed duly perfected and recorded under all applicable laws as of the date hereof, and no notice, filing, mortgage recordation, possession, further order or act shall be required to effect or continue such perfection, although Bank may, in its sole discretion, and at each Debtor's expense, make any filings or recordations or other acts it deems appropriate with respect to such perfection.

3.3      The DIP Indebtedness shall have the highest administrative priority under section 364(c)(1) of the Code, and shall have priority over all other costs and expenses of administration, including those specified in, or ordered pursuant to, sections 105, 326, 330, 331, 503(b), 506(c), 507(a), 507(b) or 726 or any other provision of the Code or otherwise (whether incurred in this case, any conversion of this case pursuant to section 1112 of the Code, or in any other proceedings related hereto or thereto). Notwithstanding anything contained herein to the contrary, the provisions of this paragraph do not afford Bank a security interest in any Chapter 5 causes of action.

Nothing in this Order constitutes Bank's consent to a section 506(c) surcharge.

Notwithstanding the foregoing, Bank's liens on and security interests in the DIP Collateral and Bank's administrative claims under section 364(c)(1) of the Code shall be subject to the payment of any unpaid fees payable pursuant to 28 U.S.C. § 1930 and any unpaid fees payable to the Clerk of this Court or the Office of the United States Trustee.

3.4      Through the Final Hearing (hereinafter defined), and thereafter if this Order becomes a Final Order, all collections and proceeds of any Pre-Petition or DIP Collateral and all other cash or cash equivalents which shall at any time on or after the Petition Date come into the possession or control of Debtors, or to which Debtors shall become entitled to at any time ("Post-Petition Collections") shall be deposited or forwarded into the Lockbox Account with Bank and shall be applied to the Indebtedness.

3.5      Each Debtor shall permit Bank and any authorized representatives designated by Bank, including auditors and appraisers engaged by Bank, reasonable access to visit and inspect any of the properties of each Debtor during normal business hours and with reasonable notice, to review each Debtor's financial and accounting records, and to make copies and take extracts therefrom, and to discuss each Debtor's affairs, finances and business with each Debtor's officers, consultants, and accountants.  Without limiting the generality of the foregoing, each Debtor shall promptly provide to Bank and its designated representatives any information or data reasonably requested to monitor each Debtor's compliance with the provisions of this Order and to perform audits, appraisals or other valuation analyses of any personal property of each Debtor.

3.6      All of Bank's rights are expressly reserved if no Final Order is entered.  Except as otherwise specifically provided herein, Bank does not waive any rights it has pursuant to

the Pre-Petition Loan Documents and Bank shall retain all rights available pursuant to the Code or any other applicable law.

3.7    The Bank has no commitment to provide funding beyond the Termination Date (as hereinafter defined), provided that the Debtors retain the right to seek to use cash collateral without the consent of the Bank pursuant to an order of this Court.

3.8    The rights and obligations of each Debtor and the rights, claims, liens, security interests and priorities of Bank arising under this Order are in addition to, and are not intended as a waiver or substitution for, the rights, obligations, claims, liens, security interests and priorities granted by each Debtor, as pre-petition debtor, under the Pre-Petition Loan Documents.

3.9    The provisions of this Order shall be binding upon and inure to the benefit of Bank, Debtors and their respective successors and assigns, including any trustees of Debtors in chapter 11 or chapter 7.

3.10    If this case is dismissed, Bank's rights and remedies under this Order shall remain in full force and effect.

3.11    This Court has considered and determined the matters addressed herein pursuant to its powers under the Code, including the power to authorize Debtor to obtain credit on the terms and conditions upon which Debtors and the Bank have agreed.  Thus, each of such terms and conditions constitutes a part of the authorization under section 364 of the Code, and is, therefore, subject to the protections contained in section 364(e) of the Code except as otherwise provided herein.

3.12    Notwithstanding anything contained herein, if any provision of this Order is hereafter modified, at the Final Hearing or otherwise, by final order of this or any other court, such modifications shall not affect the validity of any DIP Indebtedness outstanding or any right authorized hereby with respect to any such DIP Indebtedness. Without limiting the foregoing, if the Final Order is not entered, the Debtor shall nonetheless be required to repay any DIP Indebtedness on demand.

3.13    Each Debtor, at its expense, shall (a) continue to keep all collateral insured against all loss, peril and hazard and name Bank as lender's loss payable under such policies; and (b) pay any and all post-petition taxes, assessment and governmental charges, except to the extent such are being contested in good faith by appropriate proceedings and Debtor maintains appropriate cash reserves for the expenses being contested, and provide Bank with proof of the foregoing within 3 days of payment. Copies of all federal tax returns, federal tax deposits and other payments made by Debtor during the pendency of this Order shall be timely mailed to Bank.

## SECTION 4:  COVENANTS AND REPORTING REQUIREMENTS

4.1    Each Debtor shall comply with all covenants and maintain all formulas contained in the Pre-Petition Loan Documents.

4.2     Each Debtor will promptly give the Bank prior written notice of the occurrence of any event or any matter which has resulted or will result in a material adverse change in its business, assets, operations or financial condition.

## SECTION 5: DEFAULT, RIGHTS AND REMEDIES OF THE BANK AND SERVICE

5.1     Each of the following events shall constitute an event of default (an "Event of Default") hereunder:

(a)     An order dismissing the case, converting either case to Chapter 7, appointing an examiner with expanded powers or a trustee, or terminating the authority of either Debtor to conduct business;

(b)     Failure of either Debtor to make any payment when due; or

(c)     There is a default (other than payments) by either Debtor under this Order or the Loan Documents.

5.2     Upon the Termination Date (as hereinafter defined):

(a)     The entire Indebtedness remaining unpaid at the election of the Bank shall become due; and

(b)     Each Debtor's authority to use cash collateral shall cease upon three (3) business days' notice, and the Bank may file a motion for relief from the automatic stay upon five (5) business days' notice, and each Debtor may file a motion for authority to use cash collateral which the Court will hear on an expedited basis.

"Termination Date" shall mean the earlier of an Event of Default or May 31, 2020.  The Debtors and the Bank may agree to extend the Termination Date without further order of the Court, provided, the Bank shall have no obligation to do so.

5.3     The Bank shall have no obligation to advance any funds to the Debtors unless and until:

(a)     The Debtors and Guarantor have executed such additional loan documents as the Bank may reasonably request; and

(b)     The Debtors and Guarantor have complied with all the terms and conditions of the Pre-Petition Loan Documents.

## SECTION 6: OTHER RIGHTS, OBLIGATIONS AND PROVISIONS

6.1     Each Debtor is authorized and directed to perform all acts, and execute and comply with the terms of such other documents, instruments and agreements that Bank may reasonably require and/or which may otherwise be deemed necessary by Bank to effectuate the terms and conditions of this Order, including, without limitation, such documents as the Bank may deem necessary to correct defects in title and like matters.

6.2     No delay or failure to exercise any right, power or remedy accruing to Bank upon breach or default by either Debtor under this Order or any document or agreement shall

Appendix A – Page 7 of 8
4707702.v2

impair any such right, power or remedy of Bank nor shall it be construed to be a waiver of any such breach or default, nor of any breach or default theretofore or thereafter occurring, nor an acquiescence therein.